Roger P. **LANE**, Petitioner,

v.

Judge Leo **OXBERGER**, Judge of the 5th Judicial District of Iowa, Respondent.

No. 2–57191.

Supreme Court of Iowa.

Dec. 18, 1974.

Oscar E. Jones, Des Moines, for petitioner.

Gerald J. Newbrough, Des Moines, for respondent.

Heard before MOORE, C. J., and LeGRAND, REES, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

On March 23, 1970, a decree of divorce was entered dissolving the marriage of Roger P. Lane and Carol L. Lane. Most of the terms of the decree concerning custody, support, visitation and other details were settled by a stipulation which was made a part of the decree.

Approximately four years later, on February 11, 1974, Carol L. Lane filed an application requiring her former husband (petitioner here) to show cause why he should not be held in contempt for violation of the terms of the decree.

After a full hearing, the trial court found petitioner had willfully disregarded the provisions of the 1970 decree. A judgment of contempt was entered against him, which included specific findings he had refused to perform the terms of the decree in the following particulars: (1) payment of child support; (2) reimbursement of Carol L. Lane for living expenses, including utility bills, dental bills, house payments, and grocery bills; (3) maintenance of two insurance policies for the benefit of Michael Phillip Lane, the only child of these parties.

Petitioner was granted leave to file a writ of certiorari challenging the legality of the trial court's order which sentenced him to 30 days in jail with the provision that "said sentence shall be suspended altogether if [Roger P. Lane] pays to [Carol L. Lane] or makes reasonable provisions to pay her those amounts due and delinquent under the decree as of the date hereof."

The only issue presented for review is stated in petitioner's brief as follows:

"Under the facts as established by the record, the trial court acted erroneously and illegally in finding that plaintiff was in contempt for willfully refusing to obey court order."

Certiorari is a procedure to test the legality of an action by a lower board, tribunal or court. It is an action at law and is not triable here de novo. Wright v. Denato, 178 N.W.2d 339, 340 (Iowa 1970); Smith v. Fort Dodge, 160 N.W.2d 492, 495 (Iowa 1968). If there is no substantial support for the findings of the inferior court, it has acted illegally. Sueppel v. Eads, 261 Iowa 923, 926, 156 N.W.2d 115, 116 (1968); Reed v. Gaylord, 216 N.W.2d 327, 334 (Iowa 1974).

Generally findings of fact are not reviewable on certiorari, but when a judgment of contempt is challenged, the rule is that we examine the evidence, not de novo, but to assure ourselves that proof of contempt is clear and satisfactory. Sound Storm Enterprises, Incorporated v. Keefe, 209 N.W.2d 560, 565 (Iowa 1973); Huston v. Huston, 255 Iowa 543, 549, 122 N.W.2d 892, 896 (1963). This is an exception to our ordinary review on certiorari. Orkin Exterminating Co., Inc. v. Burnett, 160 N.W.2d 427, 431 (Iowa 1968).

In this case, the evidence upon which the trial court's finding of willful contempt rests comes entirely from the two principals, except for a few exhibits showing various payments made by petitioner. It is virtually undisputed that petitioner violated the terms of the decree in at least two of the three particulars found by the court. There is strong evidence, which he denies, as to the third one also.

Petitioner sought to avoid the consequences of his conduct by claiming the amount remaining unpaid for child support is so insignificant it does not warrant a finding of contempt. He seeks to excuse his default in the maintenance of the insurance policies by arguing the decree was ambiguous. He says his alleged violation of the insurance provision was based on his good faith, though mistaken, interpretation of the decree.

We disagree with both these claims. Of course, it is only willful disobedience of a court order which will justify conviction for contempt. See Huston v. Huston, supra, 255 Iowa at 549, 122 N.W.2d at 896. We have reviewed the transcript and hold the trial court's judgment of contempt was based on clear and satisfactory evidence showing petitioner had willfully and contemptuously disobeyed the decree in each of the particulars already noted. The trial court's judgment must accordingly stand.

There is one other matter raised by the attorney for respondent judge. He asks us to allow attorneys fees for his services in defending the certiorari proceedings, basing his application upon § 598.24, The Code, which contains this provision:

"Nothing in this chapter shall prohibit the party entitled to support payments, or an interested party from initiating contempt proceedings on his own motion. If the defaulting party is found to be in contempt, the cost of such proceedings, including attorney's fees for the party initiating the proceedings in an amount deemed reasonable by the court, shall be taxed against such party."

An affidavit was filed with the trial court asking allowance of $450.00 for attorney fees prior to the time the writ of certiorari issued. We are not here concerned with those fees; but we are asked to allow compensation for services rendered in this certiorari action. Certiorari is a separate, independent and original law action. Iowa-Illinois Gas and Electric Company v. Gaffney, 256 Iowa 1029, 1033, 129 N.W.2d 832, 834 (1964). The provisions of § 598.24 authorize allowance of attorney fees in an action for contempt under Chapter 598. This is not such an action, nor is it brought under that chapter. Counsel's request does

not come within the purview of the section authorizing an allowance of fees. It is therefore denied.

For the reasons heretofore stated, the writ is annulled.

Writ annulled.