Patricia D. COPIC, Plaintiff,

v.

IOWA DISTRICT COURT FOR POLK COUNTY, Defendant.

No. 69353.

Supreme Court of Iowa.

Oct. 17, 1984.

Kermit L. Dunahoo, Des Moines, for plaintiff.

Kolleen K. Samek of Dick Hermann Law Office, Ankeny, for defendant.

Considered by REYNOLDSON, C.J., and HARRIS, McCORMICK, SCHULTZ, and CARTER, JJ.

HARRIS, Justice.

We granted further review from a decision of the court of appeals in this certiorari action which challenges the defendant district court's finding of contempt. Plaintiff is a party in a dissolution of marriage case who was first cited for failing to return custody of her son, then six years old, following a summer visitation. She was later cited for her action in connection with airline tickets. The court of appeals rejected plaintiff's challenge and so do we.

Plaintiff (Patricia) and Dennis Copic were married in 1975 and are parents of one child, Ezechiel (Zeke), born December 6, 1975. The marriage between Patricia and Dennis was dissolved August 27, 1980. Dennis was eventually awarded custody of Zeke. Patricia later moved to vacate the custody award, claiming fraud or irregularity in obtaining it. Her application was denied and the denial was affirmed on appeal. *Copic v. Copic*, 325 N.W.2d 766 (Iowa Ct.App.1982).

While the case was on appeal it was subject to a limited remand under Iowa rule of appellate procedure 12(g) to allow Patricia to apply for a district court order granting her temporary visitation with Zeke. Her application pointed out that she lived in Hawaii and asked that Zeke spend the entire summer there. At an informal hearing on the motion, as we learn from a later trial court order, Patricia personally promised the judge that she would return Zeke if she were granted the visitation.

Visitation was granted. In an order dated June 2, 1982, the court first noted "logistical problems" because of Patricia's residence so far away and then specified:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that [Patricia] shall pick up the minor child of the parties at 7:00 o'clock p.m. on Thursday, June 3, 1982, from [Dennis]. That said child shall have his summer clothing packed, and ready to take with him for the summer.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that [Patricia] shall be responsible for paying all costs of returning the said child to [Dennis] no later than August 18, 1982, at [Dennis'] home in Des Moines, Iowa.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that [Patricia] is to give [Dennis'] attorney, as security for the return of the child, a round-trip, pre-paid airplane ticket in the name of [Dennis] and a one-way return flight ticket for the minor child of the parties so that if [Patricia] fails to return the child to [Dennis], he may use said tickets to go to Hawaii, pick up the child, and return with the child without incurring any flight expense for the airline.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that [Dennis'] attorney is to return said tickets to [Patricia] upon satisfactory return of the child in accordance with this order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that in the event a final order is returned upon [Patricia's] appeal now pending before the appellate courts of Iowa, that if [Patricia] is returned to her rights of custody contained in the original decree of August 27, 1980, that she is to pay the costs of flying the minor child back for [Dennis] to have a vacation with him, no later than August 18, 1982, and that [Dennis] is to pay the cost of flying the minor

child back to [Patricia] for the commencement of school year in Hawaii. The court understands that the child is too young to fly alone and that all flights mentioned herein contemplate an adult flying with the child and returning home.

At the end of the period specified for the visitation, Patricia did not return Zeke and the failure precipitated not one, but two, contempt orders. The second is the subject of this certiorari proceeding but both are relevant to Patricia's claims. The first order, dated October 6, 1982, recited that Patricia had been ordered to return Zeke no later than August 18, 1982, and had failed to do so. The order concluded:

> Contrary to a known duty the petitioner, Patricia D. Copic, willfully failed to return the child as ordered by the court and is in contempt of court. Accordingly, she should be committed to Polk County jail for a period of thirty days.
>
> It is, therefore, ordered, adjudged and decreed that mitimus be withheld for a period of ten days after service of this order upon petitioner during which time the petitioner should be given an opportunity to purge herself by returning the child to the respondent pursuant to the provisions of the order of the court. Failing which, upon application by the respondent that said child has not been returned, the order withdrawing the mitimus will be issued and the petitioner will be committed to the Polk County jail to commence her sentence.

The second order, following a second application, was entered November 3, 1982. It specifically focused on Patricia's action in connection with airline tickets. Patricia did post the tickets in accordance with the June 2nd order. They were held by Dennis' attorney. But, as mentioned, Patricia did not return Zeke. Using lack of funds as a ploy, Patricia had previously secured an arrangement, through Dennis, to have the tickets released and sent to her. According to the plan, the tickets were to be cashed so she could return Zeke to Dennis and return alone to Hawaii. She did in fact receive the tickets. She kept them. And she kept Zeke. Dennis later traveled to Hawaii at his own expense, secured Zeke's custody, and brought him back to Iowa.

The second application followed and resulted in the order of November 3. It provided:

> Contrary to a known duty, petitioner by her own admission willfully failed to comply with the order, and that she kept these tickets in an attempt to frustrate this court's order to prevent respondent from having transportation to Hawaii to pick up the child as the order had set out. As a result, she is in contempt of court. She should be committed to the Polk County jail for a period of ten days.
>
> It is, therefore, ordered, adjudged and decreed that the petitioner, Patricia D. Copic, is committed to the Polk County jail for a period of ten days.

It is now urged in behalf of Patricia that there was no clear order to return Zeke, only a pledge, by way of tickets, to make it possible. Patricia now argues that the requirement to post tickets was a security arrangement for which there was no underlying obligation.

This was not Patricia's understanding at the time she decided not to return Zeke. She freely conceded at the contempt hearing that she knew she was ordered to return Zeke, that she was in contempt for not doing so, and that she retained the tickets in the hope that this would make it financially impossible for Dennis to come after Zeke. Her justification was straightforward: she thought the trial court was wrong in awarding custody to Dennis. In her view it was in Zeke's best interest not to return to Iowa and this view, she thinks, should control over the trial court's award of custody.[1]

---

1. Patricia admitted she was served in Hawaii with a separate order by the trial court invoking the Uniform Child Custody Jurisdiction Act, Iowa Code Ch. 598A, asking the courts in Hawaii to

> "order the petitioner, Patricia Copic, to comply with this court's order of June 2, 1982,

We recited the principles which control our review of contempt orders in *Skinner v. Ruigh*, 351 N.W.2d 182, 184–86 (Iowa 1984). They need not be repeated here. Without holding they must be, we are satisfied the facts here are established beyond a reasonable doubt. *See Skinner*, 351 N.W.2d at 185 n. 1.

■ Patricia argues that, when she posted the tickets, she did all she was ordered to do. She contends there was in fact no clear order that she return Zeke. Patricia is on solid ground in insisting that an order must be specific. If its violation is to be the basis for contempt, it is well settled that a judgment must be definite and clear. Rights and duties must be readily understandable by the party involved. *Lynch v. Uhlenhopp*, 248 Iowa 68, 72–75, 78 N.W.2d 491, 494–45 (1956).

■ In view of Patricia's oral pledge to the judge that she would return Zeke, and in view of the underlying award of custody to Dennis which was interrupted for this visitation, we think the order directed precisely what Patricia testified she understood it to direct. On this record, we find the trial court's order awarding visitation imposed on Patricia the clear duty to return Zeke at the end of the specified visitation period.

■ Finally, Patricia argues that the specific contempt being reviewed had to do with her conduct regarding tickets, conduct which she thinks was outside the contemplation of the visitation order and outside its provisions. The two contempt orders which followed, though separate, are to be considered together and not in isolation. The visitation order imposed on Patricia the burden of returning Zeke, a matter cited in the first contempt order, and to furnish the airline tickets, a matter cited in the second contempt order. Patricia's obligation to furnish airline tickets was not finally discharged by the mere posting of them. When Patricia gained the release of the

and return the minor child to the state of Iowa to the respondent and that if the petitioner fails to do so to find her in contempt of

tickets on the pretense of needing the proceeds to comply with her admitted obligation to return Zeke, the obligation was not yet discharged and was not waived. When the tickets were thereafter withheld from Dennis in an effort to prevent him from coming after Zeke, the act was, as Patricia testified she was aware, contempt of court.

DECISION OF COURT OF APPEALS AFFIRMED; WRIT ANNULLED.

court and impose the reasonable sanction for failure to comply and further order the county sheriff to enforce the Hawaii court's order."