**PALMER COLLEGE OF CHIROPRACTIC,**
Plaintiff,

v.

**IOWA DISTRICT COURT FOR SCOTT COUNTY, Defendant.**

No. 86–1049.

Supreme Court of Iowa.

Sept. 23, 1987.

R. Richard Bittner and Robert D. Lambert of Carlin, Hellstrom & Bittner, Davenport, for plaintiff.

Jack L. Brooks of Bozeman, Neighbour, Patton, & Noe, Moline, Ill., for defendant.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ and LAVORATO, JJ.

SCHULTZ, Justice.

This certiorari action, brought by Palmer College of Chiropractic (Palmer), challenges a trial court adjudication of contempt of court and the legality of the penalty imposed. The contempt finding arose out of Palmer's purported attempt to comply with a trial court decree and resulted in a daily fine imposed retrospectively from the date of the show cause order and prospectively until compliance with the decree. We reject the challenge to trial court's adjudication of contempt, but find the penalty imposed illegal. Consequently, the writ is sustained in part, annulled in part, and the case is remanded.

This action arises out of a lawsuit against Palmer brought by Michael Harvey (Harvey), a chiropractic student who had been expelled from Palmer shortly before his graduation. Harvey was awarded $125,000 damages for breach of contract and a mandatory writ of injunction, dated December 10, 1985, and amended January 29, 1986, ordering Palmer to issue Harvey the degree of Doctor of Chiropractic.

Palmer issued the degree and a Certificate of Proficiency in Chiropractic X-ray (degree and certificate hereinafter referred to collectively as the degree) to Harvey on February 28, 1986. The degree was dated December 13, 1980 and confers upon Harvey all the benefits enjoyed by other Palmer graduates. The degree was identical to other Palmer degrees except that it contained the following additional language:

> This Diploma (Certificate), which was issued on February 28, 1986, is dated December 13, 1980 pursuant to the Mandatory Writ of Injunction issued by the Clerk of the Scott County Iowa District Court as per court orders dated December 10, 1985 and January 29, 1986.

Palmer President McAndrews testified that the additional language was added, after consultation with counsel, to comply with its accrediting body's proscription against issuing duplicate degrees and to clarify the back dating.

Through a letter by his attorney, Harvey objected to the additional language and asked that it be removed. Palmer refused and Harvey sought relief in district court, asking that Palmer be found in contempt of court.[1] After hearing, the trial court found Palmer in contempt for willfully violating the prior court orders by evidence beyond a reasonable doubt, and ordered Palmer to pay a fine of $500 per day from the date the affidavit was filed until the contempt was purged by issuance of a degree without the additional language relating to the prior court orders. The order further provided:

> If that degree and certificate are issued and submitted to this court for an *in camera* review on or before five o'clock p.m. on July 24, 1986, then the fine imposed herein will be rescinded in full and the defendant will have purged itself of its contempt.

I. *Review.* While there is no statutory right to appeal from an order to punish for contempt of court, the proceedings may, in proper cases, be reviewed by certiorari. *Chidester v. Needles*, 353 N.W.2d 849, 851 (Iowa 1984); Iowa Code § 665.11 (1987). Usually this review is limited to issues of jurisdiction or legality of the trial court's ruling. *Chidester*, 353 N.W.2d at 851.

Certiorari is an action at law and our review is not de novo. *Bevers v. Kilburg*, 326 N.W.2d 902, 904 (Iowa 1982). When it is claimed that an adjudication of contempt is not supported by substantial evidence, we examine the evidence, not de novo, but to assure ourselves that proper proof supports the judgment. *Lane v. Oxberger*, 224 N.W.2d 245, 247 (Iowa 1974). No person may be punished for contempt unless the finding of contempt is established by proof beyond a reasonable doubt. *Phillips v. Iowa Dist. Court*, 380 N.W.2d 706, 709 (Iowa 1986).

II. *Proof of contempt.* The decree providing Harvey injunctive relief, as amended on January 29, 1986, states, in relevant part:

**1.** Harvey also sought other relief which was not granted and is not at issue in this appeal.

The Court ORDERS that a mandatory Writ of Injunction issue ordering Palmer College of Chiropractic to issue to Michael J. Harvey, Jr., the degree of Doctor of Chiropractic, *Magna Cum Laude, to which he was entitled on December 13, 1980, the degree to be dated December 13, 1980.*

(new language emphasized). Harvey contended the additional language in his degree was a willful violation of the italicized portion of the amended decree. Palmer resisted, urging that the language on the degree did not violate the court's orders and that there was no willful disobedience on its part.

Following hearing, the trial court agreed that Palmer violated the decree. The court noted the uncontroverted evidence that no other graduate had ever received a degree containing the additional language appearing on Harvey's, and concluded that such language was contrary to a known duty set up in the court order. In its findings, the court stated that based on proof beyond a reasonable doubt, Palmer's act in adding the additional language was "intentional, deliberate, and willful."

A. *Violation of the injunction.* Palmer urges that the controversial additional language placed on the degree is not a violation of the previous court orders causing the injunction. The trial court stated that its orders to Palmer to issue the degree did "not include any statement as placed on the certificate." Palmer points out that the orders did not specify the exact wording to be used on the degree and did not expressly or impliedly prohibit Palmer from referring to the legal circumstances surrounding the issuance of the degree.

An order or an injunction must be clear, definite and unambiguous before it may provide a basis for contempt. *Copic v. Iowa Dist. Court,* 356 N.W.2d 223, 226 (Iowa 1984); *Lynch v. Uhlenhopp,* 248 Iowa 68, 72–75, 78 N.W.2d 491, 494–95 (1956). As stated in *Lynch:*

The contempt proceeding is so near in its nature to criminal prosecutions that the well-known rule which commands that one cannot be convicted of a crime unless the statute is clear and definite so that he may know what he can and what he cannot do, is at least analogous.

248 Iowa at 72, 78 N.W.2d at 494. We have traditionally adhered to this specificity rule. Thus, in *Lynch* the court held that a divorce decree requiring a child to be "reared in the Roman Catholic religion" was not specific enough to support a finding of contempt against the custodial parent. The decree was unclear as to what specific steps were involved in raising the child in a particular faith and did not say who should raise the child in such faith. *Id.* at 76–77, 78 N.W.2d at 496–97. Likewise, in another case, we overturned a finding of contempt against a lawyer who filed an appeal on behalf of a criminal defendant after the trial court ordered continuance of a hearing on an application for court appointment of appellate counsel. *Hudson v. Jenkins,* 288 N.W.2d 566 (Iowa 1980). Also the court appointed independent counsel to ascertain the criminal defendant's true wishes in regard to filing the appeal. *Id.* We rejected the argument that an order delaying appeal was implicit in the order delaying action on the application and that the attorney was guilty of contempt for failing to follow the spirit of the court's order. *Id.* at 571–72.

Without departing from our specificity rule, we have refused to apply it when the party's actions were calculated to subvert the court's instruction. In *Copic,* we upheld a finding of contempt for violation of a custody decree that provided "the mother shall be responsible for paying all costs of returning the child to (the father)...." 356 N.W.2d at 223. We rejected the mother's argument that the order required her to pay for returning the child but did not impose any underlying obligation to return the child. 356 N.W.2d at 226. We also found a party in contempt for violation of an injunction enforcing a covenant not to compete in a specific geographic area where the party did not compete in the prohibited area but did exchange customer lists with an out-of-town competitor and introduced his customers to him after the

injunction had been issued. *Orkin Exterminating Co. (Arwell Div.) v. Burnett,* 160 N.W.2d 427 (Iowa 1968). We reasoned that "the evidence discloses a conscious effort to evade the effect of the injunction," *id.* at 431, and stated:

> In deciding whether a defendant is in contempt of court for violating an injunctive order, we take into consideration the spirit as well as the letter of the injunction to determine if its intent has been honestly and fairly obeyed. No artful attempt to evade it will be allowed to succeed, if the act in fact constitutes a substantial violation of the injunction.

We reached a similar result in *Wilson v. Fenton,* 312 N.W.2d 524 (Iowa 1981), when the issue was whether a court order requiring delivery of "merchantable title" was unclear and vague as applied to an outstanding mechanics lien. We held that the alleged contemnors failed to establish their claim of vagueness, in part because the evidence showed they understood what was required of them. *Id.* at 526.

Applying the above precedents, we hold that the court order requiring Palmer to issue a degree was specific enough to justify a finding of contempt for Palmer's insertion of language on the degree referring to the court order. The order specifically required that Harvey be issued the degree "to which he was entitled on December 13, 1980." The degree he was entitled to on that date could not have referred to the litigation because it had not yet occurred. Simple common sense indicates that the court-provided relief entitled Harvey to receive a degree similar or identical to his classmates'. This is not a case like *Lynch* where an order requiring a child to be "reared in the Roman Catholic religion" could be taken to require any number of different actions or practices. Unlike the practice of religion the issuance of degrees is an unvarying procedure. In adding the language to Harvey's degree Palmer was not choosing one of several available options or interpretations as to what it means to issue a degree, but was making a one time break from its standard routine. Nor is this a case like *Hudson* where the court refused to imply an order. Here the court

order flatly told Palmer to issue the degree that Harvey should have received in 1980. We don't have to imply the duty not to put in additional language. When the additional language was placed on the degree Harvey did not receive that "to which he was entitled on December 13, 1980."

B. *Willfulness.* Palmer further argues that any violation of the court order was not willful. In order to justify a finding of contempt, violation of the court order or injunction must be willful. *Lutz v. Darbyshire,* 297 N.W.2d 349, 353 (Iowa 1980) (citing *Lane v. Oxberger,* 224 N.W.2d 245, 247 (Iowa 1974)). Willfulness is proved by "evidence of conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemnor had the right or not." *Lutz,* 297 N.W.2d at 353.

Our examination of the evidence assures us that substantial evidence in the record supports the specific trial court findings that Palmer's actions were willful beyond a reasonable doubt. The undisputed evidence reveals that the language was placed on the degree after much discussion and a decision making process which involved the board of trustees, the executive committee and Palmers' attorney. We do not quarrel with the trial court's skepticism concerning testimony that Palmer added the language to comply with accreditation standards and to clarify the late issuance of the degree. As to advice of counsel, the record before us does not indicate in detail what specific advice Palmer's attorney provided. Nevertheless, advice of counsel is no defense to a contempt action although it may be considered in mitigating the penalty to be imposed. *Carr v. District Court,* 147 Iowa 663, 674, 126 N.W. 791, 795 (Iowa 1910); *Lindsay v. Hatch,* 85 Iowa 332, 334, 52 N.W. 226, 227 (1892).

II. *Punishment.* Iowa Code section 665.4(2) (1985) provides that punishment for contempt shall be by "a fine not exceeding five hundred dollars or imprisonment ... or by both...." Although courts

have inherent contempt power, the legislature can limit the punishment the court is authorized to impose. *Wilson v. Fenton,* 312 N.W.2d 524, 528 (Iowa 1981). A court may not, therefore, punish contempt by a penalty which exceeds that allowed by section 665.4. *Id.* In the present case the trial court imposed a daily fine on Palmer College of $500 commencing June 12, 1986, for each day Palmer failed to issue a degree. The issue is whether such a penalty is authorized by law.

We addressed this same issue in *Wilson* and there struck down a daily fine to the extent it exceeded the $500 allowed by statute for a single contempt. There was only one continuous act of contempt and not a separate contempt each day the alleged contemnor failed to convey merchantable title as required by a prior court order. Therefore, the maximum fine was $500 regardless of how many days the contempt continued. In *Wilson* we acknowledged the utility of daily fines in federal, and some state courts but rejected a prospective fine for each day of noncompliance. *Id.* at 529. We stated:

> The subject is preempted by statute in Iowa. Section 665.4(2) limits the fine for a single contempt to $500. The fine can be levied retrospectively for separate acts of contempt. *Clark v. District Court,* 255 Iowa 1005, 1010, 125 N.W.2d 264, 268 (1963). However, the statute does not authorize a prospective daily fine as a coercive remedial sanction.

*Id.* at 529–30. There is no reason to retreat from our holding in *Wilson.* In the present case we have a continuous violation of the injunction by Palmer, not a new and separate violation each day. We must set aside the sentence imposed.

■ Although it is unnecessary for our holding, we commend the trial court's provision which allows Palmer to purge itself of contempt. This action has been drawn out and undoubtedly frustrating to the parties. We are certain that Palmer will show no hesitancy in abiding by the injunction. It must be given sufficient time to comply, however. It is time that this matter be put to rest without fresh acrimony.

In summary we hold that Palmer has not established that the trial court acted illegally or without jurisdiction in determining that Palmer was in contempt of court. However, we do find the penalty imposed illegal. Therefore, we deny the writ of certiorari as to the finding of contempt and sustain the writ in its challenge to the penalty. We remand for further proceedings concerning the imposition of penalty.

THE WRIT IS SUSTAINED IN PART, ANNULLED IN PART, AND CASE REMANDED.