# IN THE COURT OF APPEALS OF IOWA

No. 17-1686
Filed June 6, 2018

**STATE OF IOWA EX REL. SAMANTHA LARSON,**
 Plaintiff-Appellant,

**vs.**

**GREG MASIAS JR.,**
 Defendant-Appellee.

_____

 Appeal from the Iowa District Court for Scott County, Joel W. Barrows, Judge.


 The State of Iowa, on behalf of Samantha Larson, appeals the district court's dismissal of its application for order to show cause based on a finding that it failed to prove Greg Masias's willful violation of a no-contact order beyond a reasonable doubt. **AFFIRMED**.



 James L. Ottesen of Family Resources, Inc., Davenport, for appellant.

 Lauren M. Phelps, Davenport, for appellee.


 Considered by Danilson, C.J., McDonald, J., and Blane, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**BLANE, Senior Judge.**

The State, on behalf of Samantha Larson, a protected party, filed an application for order to show cause against defendant Greg Masias Jr. based upon an alleged violation of a no-contact order and contemporaneous visitation order during a child-visitation exchange. Following a hearing on the record, the district court determined the State had failed to prove Masias's conduct constituted a willful violation of the no-contact order and denied the application. Based upon our review, we affirm the district court.

## I. Standard of Review.

"Our cases impose a special standard of review of the facts in contempt cases. If it is claimed that a ruling is not supported by substantial evidence, 'we examine the evidence, not de novo, but to assure ourselves that proper proof supports the judgment.'" *State v. Lipcamon*, 483 N.W.2d 605, 606 (Iowa 1992) (quoting *Palmer College of Chiropractic v. Dist. Ct.*, 412 N.W.2d 617, 619 (Iowa 1987)). "The exact extent to which we may go in deciding questions of fact from the record is vaguely defined; it lies in a shadowland, a 'twilight zone', whose boundaries do not admit of definite charting." *Id.* (citation omitted). "The finding of contempt must be established by proof beyond a reasonable doubt." *Id.*

"We are not bound by the trial court's conclusions of law and may inquire into whether it applied erroneous rules of law that materially affected its decision." *Id.* at 606–07.

## II. Procedural and Factual Background.

Larson filed a chapter 236 petition for relief from domestic abuse against Masias. At the hearing on February 22, 2017, Larson and Masias agreed to the

entry of a protective order by consent agreement. Since these parties have a child together, the court also entered a contemporaneous, supplemental visitation order, which provided for Masias to have visitation with the child—with exchanges to take place at the Eldridge Police Department—and communication between the parties to be by email and only regarding the child.

On May 9, the State, on behalf of Larson, filed an application for rule to show cause against Masias for violation of the February 22 orders alleged to have occurred during the child exchange at the Eldridge Police Department on May 7. The application was supported by Larson's affidavit.[1]

The district court held a hearing on the contempt action on September 27. Larson and Masias testified, as did Larson's fiancé. The testimony differed to some extent but was consistent on several points. Larson testified Masias complained she "snatched" the child from his arms; yelled at her as she walked away, stating, "Did you hear me?" and "It's [the snatching] going to stop"; and screamed at her from his vehicle as he was leaving, "You'll get your child support, you greedy bitch." Masias agreed that he may have used profanity.

After hearing the evidence, the district court ruled orally from the bench and found that the State had failed to prove beyond a reasonable doubt that Masias had willfully violated the no-contact order. When the State asked the court if it was making credibility findings, the court clarified, "I think that credibility finding here is not necessary because even if I take the State's evidence on its face, I think that given the language in the two orders here, I can't find that a willful violation was

---

[1] Although the application does not specify, it appears to be filed pursuant to Iowa Code chapter 664A.

proven beyond a reasonable doubt." That same day, the court also filed a written order:

> The application for rule to show cause came on for hearing. . . . After hearing the testimony and considering the evidence the Court finds that the Petitioner has failed to carry her burden and that there has been no showing of a willful violation by proof beyond a reasonable doubt. For those reasons and reasons stated on the record the application is denied. Costs to the State.

### III.    Discussion.

On appeal, the State contends the district court misapplied the law by failing to apply the ordinary provisions of the chapter 236 protection order to the behavior of the contemner, Masias. Specifically, the State argues that the protective order does not allow abusive, threatening, or harassing communication, which is what Masias allegedly engaged in during the child exchange that violated the orders.

The claimed violation is based upon the first paragraph of the protective order: "Respondent shall not threaten, assault, stalk, molest, attack, harass or otherwise abuse the protected party." The State does not rely on the second provision of the protective order: "Respondent shall not communicate with the protected party in person or through any means including third persons. This restriction shall not prohibit communication through legal counsel." This is because the supplemental order that enables visitation contains a handwritten provision allowing limited communication: "The parties shall communicate with each other by email only, and only regarding the child." In its appeal brief, the State concedes: "There might be some question of ambiguity in the sense that the handwriting providing the method of allowed communication was unclear and the scope of mat[t]ers 'concerning the child' could be deemed to be pretty broad."

The State attempts to frame the issue as one of law, where this court on appeal is not bound by the trial court's conclusions. However, here, the court found a lack of proof beyond a reasonable doubt as to Masias's willfulness.

> Contempt is customarily defined as willful disobedience. "Willful disobedience" requires "evidence of conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not." The alleged contemner carries the burden of producing evidence on any defense tendered. The burden of persuasion on the willfulness issue, however, remains on the contemnee.

*McKinley v. Iowa Dist. Ct.*, 542 N.W.2d 822, 824 (Iowa 1996) (citations omitted). As indicated, to find willfulness the evidence must establish the contemner's conduct was intentional and deliberate with a bad or evil purpose. This is a fact issue, not one of law. The party requesting the contempt finding has the burden of proving that the contemner (1) had a duty to obey a court order, and (2) willfully failed to perform that duty. *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998). The court heard the evidence and determined the State failed to prove willfulness. Because the evidence supports the district court's findings, we affirm the dismissal of the application for order to show cause.

**AFFIRMED.**