# IN THE COURT OF APPEALS OF IOWA

_____

No. 24-1959
Filed May 13, 2026

_____

**Brian D. Happel,**
Plaintiff,

v.

**Iowa District Court for Black Hawk County,**
Defendant.

_____

Certiorari from the Iowa District Court for Black Hawk County,
The Honorable Joel A. Dalrymple, Judge.

_____

**WRIT ANNULLED**

_____

Lana L. Luhring of Laird & Luhring Law Office, Waverly,
attorney for plaintiff.

Meredith L. Eck and Andrew B. Howie of Shindler, Anderson, Goplerud &
Weese, P.C., West Des Moines, attorneys for defendant.

_____

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Ahlers, P.J.

**AHLERS, Presiding Judge.**

In this certiorari action, Brian Happel seeks review of the district court's decision to hold him in contempt for his actions relating to the co-parenting of his children. Following our review, we annul the writ of certiorari.

## I. Procedural Background

Brian Happel and Nicole Shimp are the parents of three children. They divorced in 2017 by way of stipulated decree, which provided them with joint physical care of the children. In 2021, Brian filed a petition for modification. Following a trial, the court granted Brian physical care of the children. Both parties appealed, and our court affirmed the change in physical care, modified the visitation schedule to provide Nicole with midweek visits, rejected Brian's request to reduce Nicole's summer visitation, remanded for recalculation of child support, declined to add Brian's requested provision to require the parents to prioritize the children's extracurricular activities over parental time, and awarded Nicole appellate attorney fees. *See generally In re Marriage of Happel*, No. 22-1393, 2023 WL 2670032, at *1 (Iowa Ct. App. Mar. 29, 2023).

About two and one-half months after procedendo issued, Brian filed a second modification action seeking modification of the visitation schedule and child support. Nicole answered and brought a counterclaim seeking to modify physical care of the children. A few months later, Brian filed a motion to amend his modification petition seeking a "specific order[] relating to medical care or, in the alternative, a modification of legal custody." Nicole resisted. The district court denied the motion, noting that Brian filed the motion to amend just three weeks prior to trial.

2

The district court held a trial on Brian's petition for modification. Before the court ruled on the modification petition, Nicole filed an application for rule to show cause asking the district court to hold Brian in contempt of court for sixteen alleged infractions. Brian resisted her application and filed his own application for rule to show cause, asking the court to hold Nicole in contempt for five alleged infractions. He also filed a motion asking the court to dismiss Nicole's claims of contempt or, alternatively, to require her "to clarify what actual violations are alleged."

The district court then entered a ruling in the second modification action, and our court later affirmed on the parties' appeal and cross-appeal. *See In re Marriage of Happel*, No. 24-1290, 2025 WL 1449468, at \*1, \*10 (Iowa Ct. App. May 21, 2025).

As for the competing contempt claims, after the district court set the matter for a half-day hearing, Brian filed a motion seeking additional time. The court's responsive order stated:

> The court finds the number of violations to be significant enough to warrant additional time. However, the court takes issue with the assertions that "both parties have to present their cases and defend against these allegations . . ." Each application is accompanied by an affidavit per Iowa law. Thereafter, the alleged offender shall appear as ordered and show cause why they shall not be held in contempt.
>
> The court has no intention of allowing the parties to "present their cases" of contempt. The parties will appear and show cause or defend against the allegations contained in the applications and affidavits.

(Ellipsis in original). Upon learning of the district court's intended approach to the contempt proceedings, neither party filed a written objection.

At the hearing on the contempt claims, the district court stated it would address Nicole's claims first and asked Brian's attorney to present

3

evidence. Brian's counsel responded, "I guess I was assuming that I would be responding." Brian's counsel went on to note the schedule she arranged for Brian's witnesses to testify, but she said:

> I can certainly call [Brian]. We could get his testimony done this morning. I guess I wasn't anticipating, ordinarily a party has to prove their allegations as opposed to simply be responded to typically in my experience because there is a higher standard of proof. It's quasi-criminal. But I'm happy to call [Brian] and address those [contempt claims] right now.

Counsel for both parties questioned Brian over the course of several hours.[1] Following cross-examination, the court indicated that it needed to move on to the claims against Nicole. Brian's counsel informed the court, "we were the party that asked for additional time." And she argued, "Clearly on a quasi-criminal matter I needed more time to defend than certainly they need to deal with these five [claims]. I just want to make the record that I don't think that I've had sufficient time if I'm not allowed to redirect my client." The court moved on to allow Nicole to testify.

The district court ultimately found Nicole in contempt on one claim regarding her failure to provide health insurance for the children for a time. As to Brian, the court found him in contempt in two respects, one relating to the oldest child's refusal to participate in visitation with Nicole and the other relating to Brian involving the children in parental matters. It imposed a thirty-day sentence for each violation, with the sentences to be served concurrently. But it withheld mittimus "pending any further contemptuous

---

[1] At this point in the hearing, Brian had been questioned by his counsel and Nicole's counsel. And they also took testimony from the oldest child's therapist out of order midway through Brian's testimony. As to the allocation of time, the court said thus far that "just slightly over two hours [had been] afforded to the examination of everybody [(Brian and the therapist)] by [Nicole's counsel] and just over three hours for [Brian's counsel]."

behavior for one year of the date of the entry of [the contempt] order or one year from any potential final appellate decision." It also required Brian to pay Nicole's attorney fees following receipt of an attorney fee affidavit.

Brian then filed a motion under Iowa Rule of Civil Procedure 1.904(2). The motion raised several issues, including Brian's complaint that the court considered evidence from the second modification trial (held before the same judge about three and one-half months before the contempt hearing). Brian also filed a motion to reopen the record to introduce a psychological evaluation of the oldest child. The court denied both motions.

Brian filed a petition for writ of certiorari with the Iowa Supreme Court. The supreme court granted the writ and transferred the case to this court.

## II. Certiorari Review

We will sustain a writ of certiorari when the district "court has exceeded its jurisdiction or otherwise acted illegally." *State v. Patterson*, 984 N.W.2d 449, 455–56 (Iowa 2023) (citation omitted). "'[I]llegality' occurs 'when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law.'" *Id.* at 456 (citation omitted). But when a certiorari action alleges a constitutional violation, then our review of the claim is de novo. *Spitz v. Iowa Dist. Ct.*, 881 N.W.2d 456, 464 (Iowa 2016).

## III. Discussion

### A. Due Process

Brian claims the district court violated his due process rights in a myriad of respects. First, he claims due process violations based on the order and format of the proceedings in the district court and the fact that the court

did not require Nicole to amend her application for rule to show cause. But Brian never raised any related due process arguments below. And even in an original certiorari proceeding, fundamental error-preservation principles still apply, even to constitutional claims. *Sorci v. Iowa Dist. Ct.*, 671 N.W.2d 482, 489–90 (Iowa 2003). That is because "[i]t [would be] fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider." *Id.* at 489 (citation omitted). Here, Brian did request that the district court require Nicole to clarify her contempt claims with more specificity, but he never claimed that the failure to do so would violate his due process rights. Nor did he object to the district court's approach to trying the contempt claims, and he had ample opportunity to do so after the court spelled out its plan in a written order prior to the hearing. And at the hearing, his counsel did express some surprise but never raised an actual objection, and even if his counsel's expression of surprise somehow constituted an objection, no reference to a due process violation was made. So these due process claims are not preserved for our review.[2] *See id.* at 489–90.

Next, Brian argues the district court violated his due process rights by cutting off further questioning of him in defense to Nicole's claims and instead proceeding with his claims against Nicole. But again, Brian runs into error-preservation problems. Yes, his attorney expressed that she felt they would not have enough time to address the allegations raised by Nicole

[2] We also note that Iowa Rule of Appellate Procedure 6.903(2)(a)(8)(1) requires the argument section of Brian's brief to address each issue in a separately numbered division, and each division is required to include, as the first item of information in that division, a statement as to how the issue was preserved for review with references to the places in the record where the issue was raised and decided in the district court. Brian's brief failed to meet this requirement on multiple issues. After reviewing the few places in the record cited in Brian's brief, we see no due process claims raised or decided.

without the opportunity for further questioning of Brian. But she never argued that Brian's due process rights would be violated without such opportunity. So the district court never ruled on any related due process claim. As a result, this claim also is not preserved for our review. *See id.*

Brian's third due process claim relates to the district court's reference to evidence from the second modification trial in its contempt ruling. Brian's counsel did object to some evidence offered by Nicole relating to a witness who testified at the modification trial but was not present to testify at the contempt hearing. But counsel never raised a due process argument at the contempt hearing. And while Brian filed a posttrial motion titled in part "motion to strike references to the modification decree," he never argued that references to the modification decree violated his due process rights. Again, this due process claim is not preserved for our review.[3]

Finally, Brian argues that the district court's decision to withhold mittimus "pending any further contemptuous behavior for one year of the date of entry of this order or one year from any potential final appellate decision regarding this order" violated his due process rights by attempting to dissuade him from appealing. Although Brian filed several posttrial motions, none of them claimed this provision violated his due process rights. So he also failed to preserve this claim for our review. *See id.*

## B.      Substantial Evidence

As to the merits of the contempt findings, Brian argues that the district court's findings are not supported by substantial evidence. *See Reis v. Iowa Dist. Ct.*, 787 N.W.2d 61, 66 (Iowa 2010) (requiring contempt findings to be

---

[3] We also note that our review of the contempt hearing transcript reveals that both sides referenced the second modification trial when doing so was beneficial to them.

supported by substantial evidence that could convince a trier of fact beyond a reasonable doubt). "If a person against whom a . . . final decree has been entered willfully disobeys the . . . decree, the person may be cited and punished by the court for contempt and be committed to the county jail for a period of time not to exceed thirty days for each offense." Iowa Code § 598.23(1) (2024). However, "[a] failure to follow a court order is not willful if a contemner shows the order was indefinite or that the contemner was unable to comply with the order." *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007).

Following our review, we conclude there is substantial evidence in the record to support the district court's findings.[4] The main issue at the hearing revolved around Nicole's deteriorating relationship with the oldest child, who had stopped attending visits with her, and Brian's role in that deterioration. The district court concluded,

> Either consciously or subconsciously, Brian continues to undermine the relationship with Nicole and permits the child to avoid his mother. Thus, perpetuating the existing divide between the two. The limited sanctions imposed [by Brian for not attending visits with Nicole], whether consciously or subconsciously, permits [the oldest child] to identify the sanction with Nicole as opposed to the behavior and poor decisions of the child.

The record supports this conclusion, as it shows that the efforts Brian took to encourage the child's relationship with Nicole are limited at best. Brian withholds the child's access to his gaming system and cell phone unless the child communicates with Nicole. But he considers that requirement met whenever the child texts "hi" to Nicole even though the child would not then

---

[4] We do not consider the affidavits filed with the applications for rule to show cause as evidence because they were never offered and admitted as exhibits.

respond to responsive communication from Nicole. So his efforts to encourage an improved relationship between the child and Nicole are more performative than effective.

The record also shows instances when the oldest child refused to go with Nicole and stated he was going with Brian instead. So the record supports the conclusion that Brian facilitated the child's refusal to spend time with Nicole, further damaging her relationship with the oldest child. The record also strongly suggests that Brian thought it would be beneficial for the oldest child to undergo a psychological evaluation but led the child to believe it was Nicole's idea, increasing the child's distrust of his mother.

Taken together, this all amounts to substantial evidence supporting the district court's finding that Brian willfully violated the terms of the dissolution decree by not supporting the oldest child's relationship with Nicole and tacitly approving of the child's refusal to attend visits with her. *See Felton v. Iowa Dist. Ct.*, No. 21-1398, 2023 WL 1809820, at *4 (Iowa Ct. App. Feb. 8, 2023) ("[We] find substantial evidence that [the mother] interfered with [the father]'s parenting time by creating an environment that encouraged these pre-teen children's refusal to go to their father's house.").

As to the court's decision to hold Brian in contempt for involving the children in parental matters, we likewise conclude that the district court's finding is supported by substantial evidence. Brian's discussion with the oldest child about him needing to undergo a psychological evaluation and implying it was Nicole's idea falls into this category. As does Brian's admitted discussions with the middle child about demanding that if the middle child was going to go to a summer church camp that Nicole wanted him to attend, it would have to be during Nicole's summer visitation time.

Finding substantial evidence supports them, we do not disturb the district court's contempt findings.

## C. Trial Attorney Fees

Next, Brian challenges the district court's decision to order him to pay $5,000 of Nicole's attorney fees but not require Nicole to pay any of his attorney fees even though she was also in contempt. Iowa Code section 598.24 permits a court to order a party found to be in contempt to pay reasonable attorney fees. Specifically, section 598.24 states:

> When an action for a modification, order to show cause, or contempt of a dissolution, annulment, or separate maintenance decree is brought on the grounds that a party to the decree is in default or contempt of the decree, and the court determines that the party is in default or contempt of the decree, the costs of the proceeding, including reasonable attorney's fees, may be taxed against that party.

From the use of "may" in this provision it is clear that the decision whether to order a party found in contempt to pay the other party's attorney fees is discretionary, so we review for an abuse of that discretion. *See In re Marriage of Hankenson*, 503 N.W.2d 431, 433 (Iowa Ct. App. 1993). Here, we find no abuse of the district court's discretion by ordering Brian to pay some of Nicole's attorney fees without ordering her to pay some of his fees. The court found that Brian violated the terms of the dissolution decree in two respects while it found Nicole in violation of just one that was later remedied. Finding no abuse of discretion, we do not disturb the attorney fee award.

## D. Appellate Attorney Fees

Both parties seek appellate attorney fees and have provided this court with attorney fee affidavits. Brian seeks fees in the amount of $15,165.00 and Nicole requests fees in the amount of $7,975.00. The district court was

authorized to award attorney fees under section 598.24, but we are not statutorily authorized to award appellate attorney fees in this certiorari action. That is because "[c]ertiorari is a separate, independent and original law action" from the contempt proceedings below. *Lane v. Oxberger*, 224 N.W.2d 245, 247 (Iowa 1974). As we are without authority to award appellate attorney fees, we decline both parties' requests.

## IV.    Conclusion

None of Brian's due process claims are preserved for our consideration. The district court's findings of contempt are supported by substantial evidence. The district court did not abuse its discretion when it ordered Brian to pay a portion of Nicole's trial attorney fees. We do not award Brian or Nicole any appellate attorney fees. Costs are taxed to Brian.

**WRIT ANNULLED.**