**Cary Brian CASTEEL, Appellee,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellant.**

**No. 85-1129.**

Supreme Court of Iowa.

Nov. 12, 1986.

---

Considered by HARRIS, P.J., and Mc-GIVERIN, WOLLE, LAVORATO, and NEUMAN, JJ.

NEUMAN, Justice.

This is an interlocutory appeal by the Iowa Department of Transportation (DOT) from an order entered in a judicial review proceeding which held that the district court had authority to issue a work permit to a licensee whose driver's license had been revoked by the DOT for chemical test failure. The trial court, reasoning that Iowa Code section 321.215 (1983) contains ambiguous language and, if properly interpreted, becomes applicable to administrative reviews under section 321B.16, ordered the matter set for further hearing to consider petitioner Cary Brian Casteel's claim of hardship. It is from this ruling that the DOT has appealed. Upon review, we find section 321.215 to be neither ambiguous as written nor applicable to the circumstances of this case and we therefore reverse the trial court.

On April 13, 1983 petitioner Cary Brian Casteel (Casteel) was arrested for operating a motor vehicle while intoxicated. A subsequent specimen of his breath revealed a .213 blood alcohol content. In accordance with section 321B.16 (test results indicating ten hundredths or more of one percent by weight of alcohol in the person's blood) Casteel's driver's license was revoked. After exhausting his administrative remedies, he filed a petition for judicial review, challenging only that part of the administrative ruling denying his application for a work permit.

At the judicial review hearing, Casteel persuaded the district court that section 321.215 permitted the court to consider his application for a work permit, even after denial of the same application by the DOT. Section 321.215 provides in relevant part:

> Judicial review of the actions of the department may be sought in accordance with the terms of the Iowa administrative procedure Act.
>
> 1. Upon conviction and the suspension or revocation of a person's motor

Thomas J. Miller, Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellant.

Curtis J. Klatt of Dunakey & Klatt, Waterloo, for appellee.

vehicle license under section 321.209, subsections 6 and 7, 321.210 or 321.555, subsection 2, and upon the denial by the director of an application for a temporary restricted license, a person may apply to the district court having jurisdiction for the residence of the person for a temporary restricted permit to operate a motor vehicle to and from work. The application may be granted only if all of the following criteria is satisfied:

*a.* The restricted temporary permit is requested only for a case of extreme hardship where alternative means of transportation does not exist.

*b.* The permit applicant has not made an application for such a permit in any other district court in the state which was denied or revoked.

*c.* The permit is restricted for travel to and from work at times specified in the permit.

*d.* Proof of financial responsibility is established as defined in chapter 321A, however, such proof is not required if the license was suspended, under section 321.513.

■ Casteel's license was revoked under section 321B.16, not under any of the code sections enumerated in section 321.215. Nevertheless, the trial court concluded that the language "*and* upon the denial by the director" should be construed to mean "*or* upon the denial by the director," thereby giving the trial court authority to entertain applications for work permits whenever such applications are denied by the DOT, no matter what the underlying infraction. We can find no basis for this revision of the statute by the trial court.

■ First of all, a court ordinarily need not resort to rules of statutory construction when the terms of a statute are unambiguous. *Elliott v. Iowa Department of Public Safety,* 374 N.W.2d 670, 672 (Iowa 1985). The statute is unambiguous. It clearly provides that before a licensee may apply to the district court for a temporary restricted permit, there must have been a denial by the director of an application for a temporary restricted li-

cense *and* a "conviction and the suspension or revocation of a person's motor vehicle license under section 321.209 subsection 6 and 7, 321.210 or 321.555, subsection 2." The trial court read an ambiguity into the statute by suggesting that the term "and" is interchangeable with the word "or". This is contrary to another familiar principle of statutory construction that a word should be given its commonly understood meaning unless it is clear from a reading of the statute that a different meaning was intended or unless such a construction would defeat the manifest intent of the legislation. Iowa Code § 4.1(2); *Smith v. City of Fort Dodge,* 160 N.W.2d 492, 497 (Iowa 1968).

■ Ordinarily, the word "and" is used as a conjunctive, requiring satisfaction of both listed conditions. *Ahrweiler v. Board of Supervisors,* 226 Iowa 229, 235, 283 N.W. 889, 892 (1939). There is nothing in the structure of this statute to suggest that a contrary interpretation is necessary to effectuate legislative intent.

The legislative intent expressed by the statute is very clear: to allow the district court, in certain narrowly-defined circumstances, to make an independent determination of a person's entitlement to a work permit, thereby creating a limited statutory exception to the general rule of judicial review proceedings that a "district court has no *original* authority to declare the rights of parties or the applicability of any statute or rule." *Meads v. Iowa Department of Social Services,* 366 N.W.2d 555, 559 (Iowa 1985) (quoting *Public Employment Relations Board v. Stohr,* 279 N.W.2d 286, 290 (Iowa 1979)). Indeed, the statute, by its own explicit terms, only applies to certain revocations. We recognize that legislative intent is expressed by omission as well as by inclusion. The express mention of one thing implies the exclusion of others. *In re Estate of Wilson,* 202 N.W.2d 41, 44 (Iowa 1972).

■ Finally, we apply the familiar principle of statutory construction that a statute should not be construed so as to render

part of it superfluous. *George H. Wentz, Inc. v. Sabasta,* 337 N.W.2d 495, 500 (Iowa 1983). The district court's interpretation of the statute, allowing judicial granting of a work permit whenever the director has denied one, has precisely this effect: the entire first clause, listing certain revocations to which the statute applies, would be rendered meaningless if a mere denial by the director were sufficient to invoke the statute.

In summary, we conclude that the district court misconstrued the scope of section 321.215. The statute does not authorize the court to grant a work permit in cases where the licensee is undergoing a revocation for chemical test failure. In such a case, the authorization rests with the DOT pursuant to section 321B.16, subject to petitioner's right of judicial review in accordance with section 321B.27 and the customary standards of review set forth in section 17A.19 of the Iowa Administrative Procedure Act. Accordingly, we reverse the decision of the district court and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.