SIOUX CITY COMMUNITY SCHOOL
DISTRICT, Appellant,

v.

IOWA STATE BOARD OF PUBLIC
INSTRUCTION, Appellee,

Robert J. Hoefer and William H. Hoefer,
d/b/a The Administrators,
Intervenors-Appellees,

Iowa State Education Association,
Intervenor-Appellant.

No. 85–1331.

Supreme Court of Iowa.

March 18, 1987.

See also 375 N.W.2d 222.

James J. Villone of Klass, Whicher & Mishne, Sioux City, for appellant.

Charles E. Gribble and Becky S. Knutson of Sayre & Gribble, P.C., Des Moines, for intervenor-appellant.

Thomas J. Miller, Atty. Gen., and Merle Wilna Fleming, Asst. Atty. Gen., for appellee.

Paul W. Deck of Deck & Deck, Sioux City, for intervenors-appellees.

Considered by McGIVERIN, P.J., and LARSON, SCHULTZ, CARTER, and NEUMAN, JJ.

NEUMAN, Justice.

In this appeal we are asked to consider the scope of a school district's authority to contract for health insurance benefits for its employees. The district court, affirming a decision by the Iowa State Board of Public Instruction (BPI), held that the language of Iowa Code section 509A.6 (1983) limits the entities with whom a school district may contract for such benefits. Appellant Sioux City Community School District (district) argues that section 509A.6 prescribes only what a school district may do in the absence of "mutual agreement" with its employees. We affirm the district court.

The facts giving rise to this controversy are not disputed and may be briefly stated. In early 1983, a committee comprised of representatives from the Sioux City Community School District, its employees, and their respective collective bargaining teams, began a cooperative effort to address the escalating cost of employee health and accident insurance coverage within the district. The committee reviewed health benefit plans that were available, negotiated specifications for desired

benefits, and advertised for bids. The low bidder was the Wisconsin Education Association Insurance Trust (WEAIT), an organization purporting to be an "employee welfare benefit plan" as defined in section 3(1) of the Employee Retirement Income Security Act, 29 U.S.C. section 1002(1) (1982).[1] On November 8, 1983, the school district board voted to award an eighteen-month contract to WEAIT for health benefits for all district employees commencing January 1, 1984.

Robert J. Hoefer, agent for the district's former insurance carrier and one of the rejected bidders, appealed the district's decision to the Iowa State Board of Public Instruction. He claimed that the district was not authorized to contract with WEAIT in view of the following language from Iowa Code section 509A.6 (1983):

The governing body [of a school district] may contract with a nonprofit corporation operating under the provisions of this chapter or chapter 514 or with any insurance company having a certificate of authority to transact an insurance business in this state with respect of a group insurance plan, which may include life, accident, health, hospitalization and disability insurance during period of active service of such employees, with the right of any employee to continue such life insurance in force after termination of active service at such employee's sole expense; may contract with a nonprofit corporation operating under and governed by the provisions of this chapter or chapter 514 with respect of [sic] any hospitalization or medical service plan; and may contract with a health maintenance organization authorized to operate in this state with respect to health maintenance organization activities.

The district responded by arguing that section 509A.6 does not contain an exclusive listing of permissible entities from whom a school district may obtain health

1. Since commencement of this appeal, the Eighth Circuit Court of Appeals has ruled that WEAIT does not qualify as an employee welfare benefit plan under section 3(1) of ERISA. *See* *Wisconsin Education Association Insurance Trust v. Iowa State Board of Public Instruction,* 804 F.2d 1059, 1065 (8th Cir.1986).

benefits and that alternate arrangements could lawfully be made so long as the district and its employees were in mutual agreement. Alternatively, the district argued that federal ERISA regulations preempted the BPI from regulating the district's contract with WEAIT.

Five months after Hoefer's appeal was filed, the Iowa State Education Association (ISEA) petitioned to intervene on behalf of the district. The BPI denied ISEA intervenor's status but allowed it to file a brief on the disputed legal issue presented.

An evidentiary hearing was held before a hearing panel of the BPI in accordance with Iowa Code chapter 290 (1983). The district presented substantial testimony concerning the mutuality of agreement between the district and its employees which led to the contract with WEAIT. Emphasizing that resolution of the controversy turned on a question of law, not fact, the BPI concluded that the district had no authority to contract for a group insurance plan with an organization other than the types listed in section 509A.6, notwithstanding any agreement with its employees. It declined to rule on the federal preemption question.

The district petitioned for judicial review. The district court affirmed the decision of the BPI and this appeal followed.

Three issues are raised on appeal: (1) Did the district court err in affirming the BPI decision which held that the district's health benefit contract with WEAIT was prohibited by Iowa Code chapter 509A (1983)? (2) Even if Iowa law required a school district to contract with an insurance carrier licensed to do business in this state, did the district court err in concluding that Iowa law is not preempted by the Employee Retirement Income Security Act? (3) Was it error for the district court to affirm the BPI's denial of intervenor's status to ISEA?

■ Our review of the rulings of the BPI and the district court is at law. Confronted with issues involving statutory interpretation, we give weight to the agency's interpretation but are not bound there-by. We must make an independent determination of the law in light of the relevant facts. *Clinton Police Department Bargaining Unit v. Iowa Public Employment Relations Board*, 397 N.W.2d 764, 765 (Iowa 1986); *Charles City Education Association v. Public Employment Relations Board*, 291 N.W.2d 663, 666 (Iowa 1980); *West Des Moines Education Association v. Public Employment Relations Board*, 266 N.W.2d 118, 124 (Iowa 1978).

I. *Did the district have authority to contract with WEAIT?*

■ As a governmental agency, a school board has only those powers expressly granted or necessarily implied in governing statutes. *McFarland v. Board of Education*, 277 N.W.2d 901, 906 (Iowa 1979). The general grant of authority enabling a school district to provide health and life insurance benefits for its employees is contained in the following excerpt from Iowa Code section 279.12:

> The board ... may establish and pay all or any part thereof from school district funds the cost of group health insurance plans, nonprofit group hospital service plans, nonprofit group medical service plans and group life insurance plans adopted by the board for the benefit of employees of the school district....

A similarly general grant of authority pertaining to group insurance for all public bodies, including school districts, is found in the following language from Iowa Code section 509A.1:

> The governing body of the ... school district ... may establish plans for and procure group insurance, or health or medical service for the employees of the ... school district....

The school district concedes that the more specific statutory language pertaining to public employee insurance contracts found at section 509A.6 does not contemplate contracts with organizations such as WEAIT. WEAIT is neither a nonprofit corporation operating under chapter 509A or chapter 514 nor an insurance company

or health maintenance organization authorized to transact business in this state. Nevertheless, the district argues that the restrictions contained in section 509A.6 have no bearing on the contract at issue in this case. It adamantly asserts that the health benefits for which the district has contracted are a form of teacher compensation, not insurance, and therefore fall outside the regulatory scope of chapter 509A. In support of this argument, the district relies heavily on a 1980 attorney general's opinion which held that sections 279.12 and 279.13(1),[2] taken together, imply that teachers and administrators are free to mutually agree upon and contract for a self-funded medical insurance program notwithstanding the restrictions of section 509A.6. 1980 Op. Iowa Att'y Gen. 840, No. 80–10–11.

We find the district's reliance on the attorney general's opinion misplaced and its overall argument unpersuasive when viewed in the light of fundamental rules of statutory interpretation and strong public policy considerations favoring the BPI's position.

■ Preliminarily we note that the attorney general's opinion, while entitled to our respectful consideration, is not binding on this court. *Unification Church v. Clay Central School District*, 253 N.W.2d 579, 581 (Iowa 1977); *Ashby v. School Township of Liberty*, 250 Iowa 1201, 1215, 98 N.W.2d 848, 858 (1959). Because it addressed a proposal by a school district to establish a plan of self-insurance, we find it of limited value in assessing the legality of a plan calling for premium payments to an out-of-state entity unregulated by the Iowa Insurance Commission. Moreover, the cases relied upon for the opinion's conclusion that "no disability is placed upon the freedom of contract outside of the statutory required terms" all involved the authority of a school district to contract for a particular benefit or term of employment not otherwise limited by statute. *See generally Bettendorf Education Association*

*v. Bettendorf Community School District*, 262 N.W.2d 550 (Iowa 1978) (lump sum payment of accrued sick leave benefits on retirement); *Barnett v. Durant Community School District*, 249 N.W.2d 626 (Iowa 1977) (reimbursement of tuition for approved graduate studies); *Ashby v. School Township of Liberty*, 250 Iowa 1201, 98 N.W.2d 848 (Iowa 1959) (allowance for contract termination if enrollment too low); *Miner v. Lovilia Independent School District*, 212 Iowa 973, 234 N.W. 817 (1931) (contract termination at will upon twenty days notice by teacher or school district).

■ The issue in the case before us, however, is not whether the district may provide group insurance for its employees. That authority is clearly granted by sections 509A.1 and 279.12. The issue is whether there is any limitation on that authority once the decision to provide insurance has been made. We are convinced that section 509A.6 answers that question affirmatively. Because the section speaks specifically to the issue of group insurance providers, it must prevail over the general authority to furnish insurance granted by section 279.12 and the "mutual agreement" language of section 279.13. Iowa Code § 4.7 (1985); *Doe v. Ray*, 251 N.W.2d 496, 501 (Iowa 1977); 2A N. Singer, *Sutherland Statutory Construction* § 51.05, at 315 (Sands 4th ed. 1984).

■ Our interpretation is consistent with other commonly applied principles of statutory construction. By its listing of specific entities with whom a public body may contract for group insurance, the legislature has implied the exclusion of other possible insurers such as WEAIT. *Casteel v. Iowa Department of Transportation*, 395 N.W.2d 896, 898 (Iowa 1986) (citing *In re Estate of Wilson*, 202 N.W.2d 41, 44 (Iowa 1972)). Equally important is the rule that a statute should not be construed so as to render part of it superfluous. *Casteel*, 395 N.W.2d at 899. To accept the district's

**2.** "Contracts with teachers ... shall be in writing and shall state ... any other matters as may be mutually agreed upon."

"non-exclusive" interpretation of section 509A.6 would have precisely that effect.

■ The district's interpretation would also be contrary to what we perceive to be the underlying legislative intent of chapter 509A: to assure public employees that their fringe benefits, paid by employee contributions and tax funds, will be afforded the protection provided by the insurance commissioner's regulation of insurance providers. Recent amendments to chapter 509A and the adoption of a new act regulating self-insurance plans underscore this legislative concern for insurance commissioner oversight whatever the nature of the plan or the sponsoring entity. *See* 1985 Iowa Acts ch. 251.

In summary we conclude, as did the BPI and the district court, that the restrictions contained in section 509A.6 precluded the district from contracting with WEAIT for group health insurance.

II. *Do federal ERISA regulations preempt Iowa's statutory regulation of contracts with WEAIT?*

From the outset of this litigation, the district has maintained that WEAIT readily disclaims any status as an insurance company licensed, chartered or holding a certificate of authority to do business in Iowa. As a welfare benefit plan, however, WEAIT has consistently represented that it was organized pursuant to federal ERISA regulations and thus not subject to state laws or regulations applicable to insurance companies because all such laws are preempted by 29 U.S.C. section 1144 (1982).

The BPI declined to rule on this preemption question. The issue, however, was preserved by the district for judicial review. The district court concluded that Iowa Code section 509A.6 is not preempted by federal law. It reasoned that while the Employee Retirement Security Income Act may place sole regulation of ERISA trusts in the federal government, the act does not thereby give ERISA trusts a right to do business with the State in contravention of the State's own laws governing its relations with its own employees.

We need not decide here whether the district court's interpretation of the applicable federal statutes was correct. The United States Court of Appeals for the Eighth Circuit has recently decided that "WEAIT is not an employee welfare benefit plan under section 3(1) of ERISA. ERISA does not exempt WEAIT from regulation by the Iowa Insurance Department. 29 U.S.C. § 1141." *See Wisconsin Education Association Insurance Trust v. Iowa State Board of Public Instruction*, 804 F.2d 1059, 1065 (8th Cir.1986).

We can conceive of no reason to quarrel with the federal appellate court's reasoned assessment of WEAIT's status as a non-ERISA entity. Because WEAIT's ERISA status was the linchpin of the district's preemption argument, the failure of this integral component is fatal to the alternate theory of recovery urged by the district before this court.

III. *Was it error for the district court to affirm the agency's denial of intervenor status to ISEA?*

Before the Iowa State Board of Public Instruction, the ISEA sought to intervene on behalf of its members, including teachers and other bargaining unit members represented by ISEA's affiliate, the Sioux City Education Association (SCEA). The ISEA alleged that SCEA members were, in essence, third-party beneficiaries to the contract between the district and WEAIT. As the Hoeffers sought to nullify this contract on appeal to the BPI, the ISEA alleged that any decision by the BPI would necessarily affect the interests of the ISEA affiliate in the benefits received under its collective bargaining agreement.

In an order denying intervention filed May 9, 1984, State Superintendent of Public Instruction Robert Benton ruled that "chapter 290, the rules of the Department of Public Instruction found at 670–51, I.A.C. and long-standing practice do not provide for intervenor status." The order went on to provide that ISEA could participate indirectly in the hearing through one of the parties and further welcomed the

ISEA to furnish a written argument regarding the issue before the BPI on appeal.

■ We have long held that an agency action will not be reversed unless a party has in fact been harmed. *City of Des Moines v. Public Employment Relations Board*, 275 N.W.2d 753, 759 (Iowa 1979). We quote with approval the way in which the district court succinctly disposed of ISEA's claim on judicial review:

> Intervenor Iowa State Education Association asserts error occurred at the agency level because Intervenor here was not permitted to intervene in the proceedings before the Respondent. Intervenor was permitted to file a brief in the agency proceedings. Since the issue was a legal one, such participation was adequate to protect Intervenor's rights. If it was error to deny Intervenor the status of an Intervenor before the agency, Intervenor was not prejudiced by such denial. This court cannot conceive and Intervenor does not suggest how Intervenor status before the agency would have changed the record on the decisive issue in this matter: Did Petitioner have authority to contract for group health insurance with an entity that did not qualify under Section 509A.6 to be a party to such a contract? Intervenor's right to file a brief with the agency adequately protected Intervenor's desire for input on that decisive issue.

We concur wholeheartedly in the district court's ruling on the issue. ISEA's assignment of error is without merit.

*Summary.*

In summary, we conclude that the Sioux City Community School District was without authority under Iowa Code section 509A.6 (1983) to contract for group insurance with WEAIT. Secondly, we conclude that we need not rule on the preemptive effect of federal ERISA regulations on chapter 509A because WEAIT does not qualify as an ERISA welfare benefit trust. Finally, we can find no error in the district court's decision affirming the agency denial of intervenor status to the ISEA under

the circumstances of this case. In all respects, the decision of the district court is affirmed.

AFFIRMED.