Quinten Dale WIBBEN, Appellee,

v.

IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellant.

No. 86–1216.

Supreme Court of Iowa.

July 22, 1987.

Thomas J. Miller, Atty. Gen., and Merrell Peters, Asst. Atty. Gen., for appellant.

Noel C. Hindt of Hindt & Casjens, Rock Rapids, for appellee.

Considered by McGIVERIN, P.J., and SCHULTZ, CARTER, WOLLE, and NEWMAN, JJ.

WOLLE, Justice.

The Iowa Department of Transportation (department) challenges in this appeal the trial court's authority to direct the department to issue a temporary restricted license (work permit) to a driver, Quinten Wibben, who was twice convicted of driv-

ing during the period his driver's license was suspended. We conclude the controlling statutes, Iowa Code sections 321.215 and 321.218 (1985), made mandatory the department's refusal to issue Wibben a work permit. We reverse and remand to the district court for entry of judgment upholding the department's action.

The facts are not in dispute. Wibben's driver's license was suspended for one year effective July 3, 1985, on the basis of department records showing he was

(a) an habitually reckless or negligent driver of a motor vehicle, and

(b) an habitual violator of the traffic laws.

*See* Iowa Code § 321.210(2), (3) (1985). About six months later, on December 5, 1985, Wibben was convicted of having twice driven without a license in October of 1985. As a result of those convictions, the department extended the license suspension for two years—one year for each of the two violations—in accordance with Iowa Code section 321.218, which provides in pertinent part:

The department, upon receiving the record of the conviction of a person under this section upon a charge of driving a motor vehicle while the license of the person was suspended ... shall ... extend the period of suspension or revocation for an additional like period, and the department shall not issue a new license during the additional period.

On April 11, 1986, Wibben asked the department to issue him a work permit, but the department refused on the ground it had no statutory authority to issue a work permit to a person whose suspension had been extended under section 321.218. Wibben then filed a petition for judicial review requesting that the district court direct the department to issue him a work permit under Iowa Code section 321.215, which provides in part:

Judicial review of the actions of the department may be sought in accordance with the terms of the Iowa administrative procedure Act.

1. Upon conviction and the suspension or revocation of a person's motor vehicle license under section 321.209, subsections 6 and 7, 321.210 or 321.555, subsection 2, and upon the denial by the director of an application for a temporary restricted license, a person may apply to the district court having jurisdiction for the residence of the person for a temporary restricted permit to operate a motor vehicle to and from work.

Section 321.215 lists four additional requirements for issuance of a work permit. The applicant must establish a case of "extreme hardship," must not have previously been denied a permit by a district court, must ordinarily show proof of financial responsibility, and then may only "travel to and from work at times specified in the permit."

The district court found that Wibben had satisfied those four criteria and by order entered on August 4, 1986 directed the department to issue a section 321.215 work permit. In its decision, however, the district court made no mention of either the two-year extension of Wibben's suspension under section 321.218 or that statute's concluding mandate that "the department shall not issue a new license during the additional period."

◼ The language of sections 321.215 and 321.218 supports the department's contention that Wibben lost his eligibility for a work permit when he was convicted of driving while under suspension. We need not search for the meaning of these statutes beyond their express wording, because their meaning is plain and clear. *State v. Tuitjer*, 385 N.W.2d 246, 247 (Iowa 1986); *Elliott v. Iowa Dep't of Pub. Safety*, 374 N.W.2d 670, 672 (Iowa 1985).

Section 321.215 provides for the issuance of a work permit only when a person's suspension arose under specified sections of the Iowa Code: section 321.209(6) and (7) (two convictions or forfeitures for reckless driving or one conviction of drag racing); section 321.210 (miscellaneous grounds for suspension); or section 321.555(2) (six separate offenses within two years). *See Casteel v. Iowa Dep't of Transp.*, 395 N.W.2d 896, 898 (Iowa 1986) (§ 321.215, "by its own explicit terms, only applies to certain

revocations"). Although Wibben might have been eligible for a section 321.215 work permit when he originally was suspended under section 321.210(2) and (3), the nature of his suspension changed when he was convicted of twice driving while under suspension. Thereafter his extended suspension under section 321.218 superseded the earlier reason for keeping him off the road. Since section 321.215 work permits apply only to specified types of suspension which do not include driving while under suspension, Wibben lost his eligibility for a work permit when his license was suspended an additional two years pursuant to section 321.218.

Section 321.218 itself makes clear the legislative intent not to allow work permits for persons convicted of driving while under suspension, expressly stating that "the department shall not issue a new license during the [extended] period."

 Our reading of these statutes is consistent with a 1981 opinion of the Iowa Attorney General. 1981 Op. Att'y Gen. 22. We give opinions of the attorney general respectful consideration. *Bishop v. Iowa State Bd. of Pub. Instruction*, 395 N.W.2d 888, 892 (Iowa 1986); *Unification Church v. Clay Cent. School Dist.*, 253 N.W.2d 579, 581 (Iowa 1977). That 1981 opinion, construing essentially the same statutes as are applicable in this case, pointed out that the legislature struck a balance when it provided work permits for some suspended drivers in certain situations. The public safety interest in removing dangerous drivers from the highways was balanced against a need to alleviate economic hardship imposed on some persons who without a work permit would be unable to earn a livelihood. The attorney general's opinion concluded that the legislature

> by not making work permits available for every kind of license suspension or revocation, has effectively declared that certain offenses mandating suspension or revocation are so serious that considerations of public safety will always be paramount. (Citation omitted.)

The state's interest in public safety demands that a driver convicted of a section 321.218 misdemeanor be denied the opportunity to apply for a work permit. The traffic violation triggering the "like" suspension or revocation, driving while a license is suspended or revoked, is distinct from the violation triggering the original suspension or revocation. One who has demonstrated enough disregard for the traffic laws to merit suspension or revocation is surely not intended to be the beneficiary of section 321.215(1). A section 321.218 suspension or revocation, therefore, is distinct from the original suspension or revocation for the purposes of section 321.215(1).

1981 Op. Att'y Gen. at 24. We agree with this reasoning that entirely squares with the wording of these two statutes.

Wibben was not entitled to a work permit once he was convicted of driving while under suspension. We reverse the decision of the district court and remand for entry of judgment upholding the department's action.

REVERSED AND REMANDED WITH DIRECTIONS.