**STATE of Iowa, Petitioner,**

v.

**IOWA DISTRICT COURT FOR CLAYTON COUNTY,**
**Respondent.**

No. 87–1086.

Supreme Court of Iowa.

Feb. 17, 1988.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Sp. Asst. Atty. Gen., and Carolyn J. Olson, Asst. Atty. Gen., for petitioner.

Steve McCorkindale of Ehrhardt, Gnagy & McCorkindale, Elkader, for respondent.

Considered by SCHULTZ, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

LAVORATO, Justice.

In this case the State asks us to determine whether the district court may properly order the issuance of a temporary restricted driver's license (work permit) to a person who has been found by the court to be a habitual offender of the law against driving with a suspended license. We hold that the court may not and sustain the writ of certiorari.

Eldon Kenneth Lenth was convicted three times in five years of driving with a suspended license. On July 14, 1987, the district court, acting on the State's petition, found Lenth to be a habitual offender under Iowa Code section 321.555(1)(c) (1985)[1] and revoked his license for two years under section 321.560. The court also ordered the State to issue Lenth a work permit upon his application.

The State now appeals the court's order that Lenth be issued a work permit, arguing that the court was without the statutory authority to make such a ruling. Lenth contends that nothing bars the court from using its discretion in such a way.

Though the State has brought this case to us as an appeal, we will treat it as a petition for a writ of certiorari. *See* Iowa R.App.P. 304. Certiorari review is appropriate when a lower court "is alleged to have exceeded its jurisdiction or to have

---

**1.** Iowa Code § 321.555 provides in pertinent part:

As used in this division, "habitual offender" means any person who has accumulated convictions for separate and distinct offenses ... for which final convictions have been rendered, as follows:

1. Three or more of the following offenses ... within a six-year period:

....

c. Driving a motor vehicle while operator's ... license is suspended....

acted illegally." *State v. West,* 320 N.W.2d 570, 573 (Iowa 1982); *accord Palmer College of Chiropractic v. District Court,* 412 N.W.2d 617, 619 (Iowa 1987). Here, the State claims, in effect, that the district court exceeded its jurisdiction by ordering issuance of a work permit. *Cf. State v. District Court,* 248 Iowa 250, 253–54, 80 N.W.2d 555, 557 (1957) (certiorari review of court's jurisdiction to grant parole); 1981 Op. Att'y Gen. 22, 27 (Department of Transportation may bring certiorari action to challenge court's jurisdiction to order issuance of work permit). We review the district court's action to correct errors of law. *See Palmer College,* 412 N.W.2d at 619.

In deciding whether the district court erred by ordering issuance of a work permit, we must first determine the source of the court's authority over such permits. We held in *State v. Nichols,* 264 N.W.2d 765, 767 (Iowa 1978), that it is constitutionally permissible for the legislature to set down an "invariable rule" denying a work permit to certain offenders. The implication of this holding is that any right to a work permit that does exist is statutory. *Cf. Barnes v. Iowa Dep't of Transp.,* 385 N.W.2d 260, 262 (Iowa 1986) ("The [DOT] may only grant a [work permit] where allowed by statute."). We must therefore look to the Iowa Code for the court's authority regarding work permits.

Our examination of the Code indicates that the district court may grant a work permit to a convicted offender only under section 321.215, which provides in part:

1. Upon conviction and the suspension or revocation of a person's motor vehicle license under section 321.209, subsections 6 and 7, 321.210 or 321.555, subsection 2, and upon the denial by the director of an application for a [work permit], a person may apply to the district court having jurisdiction for the residence of the person for a [work permit]. The application may be granted only if [the listed statutory criteria are satisfied].

In analyzing this section, we follow the general rule that "[w]hen a statute is plain and its meaning is clear, we do not search for meaning beyond its express terms." *State v. Tuitjer,* 385 N.W.2d 246, 247 (Iowa 1986); *accord Wibben v. Iowa Dep't of Transp.,* 409 N.W.2d 475, 476 (Iowa 1987); *Elliott v. Iowa Dep't of Pub. Safety,* 374 N.W.2d 670, 672 (Iowa 1985). Further, the existence of particular exceptions in a statute creates a presumption that no others exist. *Elliott,* 374 N.W.2d at 672.

The meaning of section 321.215 is plain and clear. *Wibben,* 409 N.W.2d at 476. As far as the habitual offender statute, section 321.555, is concerned, the only authority the court has to grant a work permit is for offenders defined by subsection 2. An implicit prohibition against work permits for other habitual offenders exists by means of the provision of a particular exception for subsection 2 offenders. This prohibition applies to subsection 1 habitual offenders such as Lenth.

This conclusion is directly supported by our decision in *Wibben.* There, we said that "[s]ection 321.215 provides for the issuance of a work permit *only* when a person's suspension arose under *specified* sections of the Iowa Code...." *Id.* at 476 (emphasis added); *accord Casteel v. Iowa Dep't of Transp.,* 395 N.W.2d 896, 898 (Iowa 1986) (Section 321.215, "by its own explicit terms, only applies to certain revocations."). Subsection 1 of section 321.555 is not included among the specified sections.

We note, as we did in *Wibben,* that this "reading of these statutes is consistent with a 1981 opinion of the Iowa Attorney General." 409 N.W.2d at 477 (citing 1981 Op. Att'y Gen. 22). According to the opinion, the legislature, " 'by not making work permits available for every kind of license suspension or revocation, has effectively declared that certain offenses mandating suspension or revocation are so serious that considerations of public safety will always be paramount.' " *Id.* (quoting 1981 Op. Att'y Gen. at 24). We think, as the legislature apparently did, that one who repeatedly drives while under suspension has committed an offense warranting complete removal of highway privileges.

Because no statutory authority exists for the district court to order issuance of a work permit to a section 321.555(1) habitual offender, the court erred in doing so. Accordingly, we sustain the writ of certiorari and hold that the district court's order providing for issuance of a work permit is illegal and of no force or effect.

WRIT SUSTAINED.