**STATE of Iowa, Appellee,**

v.

**Orval Dean MEYER, Appellant.**

**No. 92–1165.**

Supreme Court of Iowa.

May 19, 1993.

Michael M. Pedersen of Martin, Nutting, Miller, Keith, Pedersen & Kelsen, Waterloo, for appellant.

Bonnie J. Campbell, Atty. Gen., and Noel C. Hindt, Asst. Atty. Gen., for appellee.

Considered by LARSON, P.J., and SCHULTZ, NEUMAN, SNELL, and ANDREASEN, JJ.

PER CURIAM.

The issue in this case is whether an extension of a revocation period for driving while revoked in violation of Iowa Code section 321J.21 (1989) is a current suspension within the meaning of Iowa Code section 321J.4(3)(b)(4) (1991), thereby prohibiting a district court from restoring the defendant's eligibility for a motor vehicle license. We believe it is.

I. On May 3, 1990, Orval Meyer pleaded guilty to operating while intoxicated, second offense, in violation of Iowa Code section 321J.2. The district court suspended Meyer's sentence and placed him on probation. In addition, the district court ordered

the Iowa Department of Transportation to revoke his driving privileges for a period of six years.

Subsequently, Meyer was stopped for operating his automobile in violation of the limitations provided by his temporary restricted license. Meyer pleaded guilty to driving while his license was revoked. The department notified Meyer that the revocation of his license was to be extended effective May 3, 1996, until May 3, 2002. *See* Iowa Code § 321J.21.

On May 7, 1992, Meyer filed an application for restoration of driving privileges as provided by Iowa Code section 321J.4(3)(b). Section 321J.4(3)(b) permits the district court to order the department to restore the applicant's license after two years provided that certain specific conditions are met. Following a hearing, the district court denied Meyer's application, concluding that Meyer failed to meet one of the four conditions set out in section 321J.4(3)(b)(4), namely his license was currently under suspension for driving while revoked. Meyer has appealed.

II. Iowa Code section 321J.4(3)(b) provides:

> After two years from the date of the order for revocation, the defendant may apply to the court for restoration of the defendant's eligibility for a motor vehicle license. The application may be granted only if all the following are shown by the defendant by a preponderance of the evidence:
>
> . . . .
>
> (4) The defendant's motor vehicle license is not currently subject to suspension or revocation for any other reason.

Meyer argues that his license is not currently under suspension or revocation as provided by section 321J.4(3)(b) because his revocation for driving while revoked does not take effect until the current revocation under section 321J.4(3)(a) expires. Meyer argues that "current" is an unambiguous term that means something that is running now, not something that is to take effect in the future. We disagree.

The purpose of chapter 321J of the Iowa Code is to promote highway safety through the enforcement of laws prohibiting the operation of motor vehicles by persons having a certain amount of alcohol in the blood. *Veach v. Iowa Dep't of Transp.*, 374 N.W.2d 248, 249–50 (Iowa 1985). Section 321J.21 provides that driving while revoked is a serious misdemeanor. In addition, it provides that the department "shall extend the period of revocation or denial for an additional like period, and the department shall not issue a new license during the additional period." Consistent with the goal of highway safety, section 321J.21 protects the public by imposing an additional period of revocation for failing to comply with the initial revocation.

As for restoration of a person's driving privileges, section 321J.4(3)(b)(4) does not permit the district court to restore the driver's license if the person's license is "currently under suspension for any other reason." The general rule is that, when a statute is plain and its meaning clear, the court does not search for meaning beyond its express terms. *State v. Iowa Dist. Court*, 419 N.W.2d 398, 399 (Iowa 1988). Meyer's license is under suspension for a reason other than his initial operating-while-intoxicated suspension. The fact that the penalty for Meyer's second conviction does not become effective until a future date does not change the fact that his license is currently subject to revocation because of the second conviction. Because Meyer's license is subject to an additional period of revocation for another reason, Meyer failed to prove by a preponderance of the evidence that he complied with the fourth condition of section 321J.4(3)(b). Consequently, we affirm the district court's decision.

**AFFIRMED.**