**IOWA DEPARTMENT OF TRANSPORTATION,**
Plaintiff,

v.

**IOWA DISTRICT COURT FOR POLK COUNTY, Defendant.**

**No. 94–0820.**

Court of Appeals of Iowa.

April 28, 1995.

Thomas J. Miller, Atty. Gen., and Carolyn Olson, Asst. Atty. Gen., for plaintiff.

Michael J. Culp, Des Moines, for defendant.

Considered by DONIELSON, C.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

On July 25, 1990, Randy Silverthorn entered a plea of guilty to a charge of operating while under the influence of alcohol or drugs (third offense) in violation of Iowa Code section 321J.2 (1989). On September 13, 1990, he was sentenced to a term of imprisonment. However, all but thirty days of the sentence were suspended, and Silverthorn was placed on probation. Due to this conviction, the Department of Transportation (DOT) was required to revoke Silverthorn's driver's license for a period of six years.

On April 15, 1991, Silverthorn was charged in Story County with operating while barred, in violation of section 321.560, and operating while intoxicated (fourth offense), in violation of section 321J.2. The Story County district court found Silverthorn guilty of operating while intoxicated (third offense) and driving while barred. He was again given a suspended sentence and placed on probation. Due to this conviction, Silverthorn's driving privileges were barred for a period of six years by operation of section 321J.2.

Upon Silverthorn's request, the Story County district court, on September 16, 1993, restored his eligibility for a motor vehicle license under section 321J.4(3)(b).

On April 22, 1994, Silverthorn filed an application for restoration in the district court for Polk County. The Polk County attorney approved the application as to form and content. The DOT was not served with a copy of the application or a notice of hearing. The district court entered an order which stated Silverthorn's driver's license should be restored pursuant to section 321J.4.

On May 20, 1994, the DOT filed a petition for writ of certiorari. The department claimed the district court did not have authority to restore Silverthorn's license under section 321J.4. The DOT pointed out Silverthorn had been convicted of a subsequent violation under section 321J.2 in Story County in April 1991. Also, in May 1991 he had refused to submit to chemical testing under

chapter 321J. The DOT additionally sought a stay of the district court's order.

Silverthorn filed a motion to dismiss the writ of certiorari, claiming the DOT had agreed to the restoration order because the Polk County Attorney had agreed. On June 13, 1994, the Iowa supreme court granted the petition for writ of certiorari.

■ Certiorari review is appropriate when a lower court is alleged to have exceeded its jurisdiction or to have acted illegally. *State v. Iowa District Court,* 419 N.W.2d 398, 398–399 (Iowa 1988). Our review of the district court's action is for correction of errors at law. *Iowa Department of Transportation v. Iowa District Court,* 488 N.W.2d 174, 175 (Iowa 1992).

The district court's authority to restore a person's driver's license is found in section 321J.4(3)(b). This section provides:

After two years from the date of the order for revocation, the defendant may apply to the court for restoration of the defendant's eligibility for a motor vehicle license. The application may be granted only if all of the following are shown by the defendant by a preponderance of the evidence:

(1) The defendant has completed an evaluation and, if recommended by the evaluation, a program of treatment for chemical dependency and is recovering, or has substantially recovered, from that dependency on or tendency to abuse alcohol or drugs.

(2) The defendant has not been convicted, since the date of the revocation order, of any subsequent violations of section 321J.2 or 123.46, or any comparable city or county ordinance, and the defendant has not, since the date of the revocation order, submitted to a chemical test under this chapter that indicated an alcohol concentration as defined in section 321J.1 of .10 or more, or refused to submit to chemical testing under this chapter.

(3) The defendant has abstained from the excessive consumption of alcoholic beverages and the consumption of controlled substances, except at the direction of a licensed physician or pursuant to a valid prescription.

(4) The defendant's motor vehicle license is not currently subject to suspension or revocation for any other reason.

■ Section 321J.4(3)(b) permits the district court to order the DOT to restore an applicant's license provided these specific conditions are met. *State v. Meyer,* 500 N.W.2d 73, 74 (Iowa 1993). An application for restoration of driving privileges may be denied if the applicant fails to meet one of the four conditions set out in the statute. *Id.*

■ Here, Silverthorn was convicted in 1991, after the date of the revocation order in 1990, of a subsequent violation of section 321J.2. Therefore, he failed to meet all of the conditions for restoration of his license found in section 321J.4(3)(b). We conclude the district court did not have authority under section 321J.4(3)(b) to restore Silverthorn's driver's license.

Because the district court exceeded its authority in ordering the restoration of Silverthorn's driving privileges, we sustain the writ of certiorari and vacate the district court's order.

**WRIT SUSTAINED.**