**IOWA DEPARTMENT OF TRANSPORTATION, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR LYON COUNTY, Defendant.**

No. 95–1412.

Supreme Court of Iowa.

April 17, 1996.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Carolyn J. Olson, Assistant Attorney General, for plaintiff.

Randy J. Waagmeester, Rock Rapids, for defendant.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

The plaintiff, the Iowa Department of Transportation, has filed a petition for writ of certiorari challenging the district court's orders permitting the early restoration of driving privileges pursuant to Iowa Code section 321J.4(3)(b) (1995). The department claims that the district court lacked authority to order such a restoration where the licensee had refused chemical testing under Iowa Code chapter 321J during the revocation period. We sustain the writ.

In April 1991, Joey Espeland was convicted of operating while intoxicated as a third offense in violation of Iowa Code section 321J.2. On April 6, 1991, the district court ordered his driving license revoked for a six-year period pursuant to Iowa Code section 321J.4(3)(a). On July 16, 1993, Espeland refused to submit to chemical testing under chapter 321J. Another revocation period until January 28, 1995, was imposed.

On June 12, 1995, Espeland made an application for restoration of his driving privileges. In the order setting the application for a hearing, the district court directed the court clerk to mail copies of the order and the application to the department. The trial court record contains no proof of such mailing. The department claims that it was unaware that the application had been set for a hearing. Without the department appearing at the hearing, district court judge Joseph J. Straub entered a ruling restoring Espeland's eligibility for a motor vehicle license.

When the department received a copy of the order restoring Espeland's driving privileges, it requested that the county attorney file a motion to rescind the restoration order. The department claimed Espeland's refusal to submit to a chemical test during the revocation period caused Espeland to fail to meet a second element of section 321J.4(3)(b). District court judge Tom Hamilton entered an order denying the motion to rescind. The court determined that the department had notice of the initial hearing and did not defend. The court concluded that the department was estopped from complaining of the order because of its failure to object.

The department filed a petition for writ of certiorari and motion for stay. This court granted the petition for writ of certiorari and stayed the district court order.

■ On the merits of the issue before us, it is clear that Espeland's refusal to submit to chemical testing under chapter 321J rendered him ineligible for early restoration of his driving privileges under Iowa Code section 321J.4(3)(b)(2). *Iowa Dep't of Transp. v. Iowa Dist. Ct.*, 533 N.W.2d 571, 572–73 (Iowa App.1995). Consequently, the district court lacked authority to direct the restoration of his driving privileges under that statute. *See State v. Meyer*, 500 N.W.2d 73, 74 (Iowa 1993). Based on admissions concerning his test refusal, appearing on the face of Espeland's application for restoration, the grounds of the department's motion to rescind were established as a matter of law.

■ We do not believe the order restoring driving privileges should be sustained on the basis that the department did not object to the original application. Although the district court ordered that the department be notified when it set that application for hearing, the department asserts that it never received any notice of the application prior to the time it was granted. The file contains no indication that the notice ordered by the district court was in fact sent. Under these circumstances we must accept the department's contention on this issue and find that it was free to challenge the order reinstating Espeland's driving privileges.

■ The remaining issue that we must consider is whether the department's application for certiorari review of the ruling on the motion to rescind was a timely vehicle for testing the merits of the original order to restore Espeland's driving privileges. We encourage the giving of notice to the department on all applications for reinstatement of driving privileges under section 321J.4(3). If the department in fact had been given notice and an opportunity to be heard on Espeland's application, any certiorari review of the resulting ruling must have been sought within thirty days of the order being challenged. Iowa R.App.P. 301 (incorporating by reference Iowa R. of Civ.P. 319).

We also believe, however, that in those instances in which the department has not had notice and an opportunity to be heard on these applications the district court should be offered the first opportunity to correct its mistakes. We thus encourage the filing of motions to rescind those orders prior to seeking certiorari review. In that situation, however, the door must be left open for the department to seek certiorari review of the merits of the original order through a challenge to the ruling on the motion to rescind. That is what happened here. We approve this procedure when the grounds for challenging the original order have been presented to the district court for determination on the motion to rescind.

For the reasons we have stated, we sustain the writ of certiorari and order that the district court sustain the department's motion to rescind the reinstatement of Espeland's driving privileges.

**WRIT SUSTAINED.**