559 N.W.2d 615 (1997)
IOWA DEPARTMENT OF TRANSPORTATION, Plaintiff,
v.
IOWA DISTRICT COURT FOR SCOTT COUNTY, Defendant.
No. 95-1817.
Supreme Court of Iowa.
February 19, 1997.
*616 Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Noel C. Hindt, Assistant Attorney General, for plaintiff.
Henry W. Latham, II of Gomez, May, Cartee & Schutte, Davenport, for defendant.
Considered by LARSON, P.J., and NEUMAN, SNELL, ANDREASEN, and TERNUS, JJ.
TERNUS, Justice.
Randall Bankson's driver's license was revoked for six years because he had three convictions for operating while intoxicated. This revocation was later extended for an additional six years when Bankson was convicted of driving while his license was revoked. During the extended period of revocation, the district court granted Bankson's application to restore his eligibility for a driver's license. The Department of Transportation (DOT) filed a petition for writ of certiorari, claiming the district court had no authority to reinstate Bankson's eligibility for a license. We agree and sustain the writ.

I. Background Facts and Proceedings.

On January 17, 1986, Randall M. Bankson was convicted of operating a vehicle while intoxicated (OWI). See Iowa Code § 321.281(1) (1985) (now codified at Iowa Code § 321J.2 (1995)). Because this conviction was Bankson's third for OWI, the court revoked his license for six years, until January 28, 1992. See id. § 321.281(9) (now codified at Iowa Code § 321J.4(3)(a) (1995)). Notwithstanding the revocation of his driver's license, Bankson drove, was caught doing so, and was convicted of the offense of driving while license revoked. See Iowa Code § 321J.21 (1989). As required by section 321J.21, the trial court extended Bankson's term of revocation an additional six years, until January 28, 1998.
On September 27, 1995, Bankson applied to the Scott County District Court for restoration of his eligibility for a driver's license. See Iowa Code § 321J.4(3)(b) (1995). The county attorney did not oppose the application and it was granted. The DOT then petitioned this court for a stay of the district court's order and a writ of certiorari.

II. Standard of Review.

This court will sustain a writ of certiorari when an inferior court has exceeded its jurisdiction or acted without authority. Iowa Dep't of Transp. v. Iowa Dist. Ct. for Bremer County, 534 N.W.2d 457, 459 (Iowa 1995). We review for correction of errors at law. Id.; State v. Moret, 486 N.W.2d 589, 591 (Iowa 1992).

III. Did the District Court Lack Authority to Restore Bankson's License Eligibility?

A person convicted of three OWI violations suffers a revocation of his or her driver's license for a period of six years. Iowa Code § 321J.4(3)(a) (1995). After two years from the date of the order for revocation, however, the defendant may apply to have his or her eligibility for a license restored. Id. § 321J.4(3)(b). Four conditions *617 must be met before eligibility can be reinstated. Id.; State v. Meyer, 500 N.W.2d 73, 74 (Iowa 1993). Only one of those conditions is at issue here: "[t]he defendant's motor vehicle license is not currently subject to suspension or revocation for any other reason." Iowa Code § 321J.4(3)(b)(4) (1995).
The State contends Bankson's license was currently revoked for driving while license revoked in violation of section 321J.21. Bankson argues section 321J.21 merely "extended" his prior revocation under section 321J.4(3)(a). The issue presented for review is whether a section 321J.21 revocation is a "revocation for any other reason" within the meaning of section 321J.4(3)(b)(4).
We have previously held, under slightly different facts, that a revocation under section 321J.21 is a "revocation for any other reason" under section 321J.4(3)(b)(4), thereby preventing the district court from reinstating license eligibility under section 321J.4(3)(b). Meyer, 500 N.W.2d at 74. In Meyer, the defendant was convicted twice of OWI. Id. at 73. Later, Meyer was convicted of violating section 321J.21 by driving while his license was revoked. Id. at 74. When he applied for restoration of license eligibility two years later, still during his first six-year period of revocation, the court denied his application. Id. We affirmed, holding the extension of Meyer's revocation under section 321J.21 changed the reason for his revocation. Id.; accord Wibben v. Iowa Dep't of Transp., 409 N.W.2d 475, 477 (Iowa 1987) (construing identical predecessor statute). Therefore, we concluded his license was currently subject to revocation for another reason and he did not meet the fourth condition of section 321J.4(3)(b) for reinstatement of license eligibility. Meyer, 500 N.W.2d at 74.
We reached the same conclusion in a slightly different context in Wibben v. Iowa Department of Transportation, 409 N.W.2d at 477. In that case, the defendant's license suspension had been "extended" under the predecessor to section 321J.21, Iowa Code section 321.218 (1985), because Wibben had driven with a suspended license. Wibben, 409 N.W.2d at 476; see Iowa Code § 321.218 (1985) (now codified at Iowa Code § 321J.21 (1995)). Wibben sought a temporary restricted license under a statute permitting such a license when a person's suspension arose under specified sections of the Iowa Code. Wibben, 409 N.W.2d at 476; see Iowa Code § 321.215 (1985). Section 321.218 was not one of the specified sections. See Iowa Code § 321.215 (1985). We held the extension of Wibben's suspension for a new reason changed the nature of his suspension: "Thereafter his extended suspension under section 321.218 superseded the earlier reason for keeping him off the road." Wibben, 409 N.W.2d at 477. Therefore, Wibben did not qualify for a temporary license even though he was still in his initial period of suspension. Id.
Under the law set forth in Meyer and Wibben, Bankson's initial period of revocation became a revocation under section 321J.21 when he was convicted of driving while license revoked. If Bankson's initial revocation became a section 321J.21 revocation, then certainly the extended revocation, the period at issue here, is also one imposed by reason of section 321J.21. Consequently, Bankson's license is currently revoked for a reason other than three OWI convictions. Therefore, section 321J.4(3)(b) provides no authority for the district court to restore Bankson's eligibility for a driver's license.
Bankson challenges our holdings in Meyer and Wibben by arguing the legislature's use of the word "extend" in section 321J.21 means the second period of revocation is really a continuation of the earlier section 321J.4(3)(a) revocation, just the reverse of our reasoning in Meyer and Wibben. Under Bankson's interpretation of section 321J.21, the period of revocation, though longer, is not for an "other reason." If we accept this argument, we would have to overrule Meyer and Wibben. We are unwilling to do so because we think those decisions are consistent with the legislature's intent as evidenced by the language of section 321J.21. And, as we have observed before, "[i]n interpreting statutes, the ultimate goal is to ascertain and give effect to the intention of the legislature." Wellsburg-Steamboat Rock Community Sch. Dist. v. Iowa Dep't of Educ., 523 N.W.2d 749, 751 (Iowa 1994). Legislative intent is discerned from the language of the statute. *618 Henriksen v. Younglove Constr., 540 N.W.2d 254, 260 (Iowa 1995).
Iowa Code section 321J.21 reads:
A person whose motor vehicle license ... has been denied or revoked as provided in this chapter and who drives a motor vehicle upon the highways of this state while the license ... is denied or revoked commits a serious misdemeanor. The department, upon receiving the record of the conviction of a person under this section upon a charge of driving a motor vehicle while the license of the person was revoked or denied, shall extend the period of revocation or denial for an additional like period, and the department shall not issue a new license during the additional period.

Iowa Code § 321J.21 (1995) (emphasis added). We think the meaning of the emphasized language of this statute is clear and evidences the legislature's intent to preclude a defendant from obtaining a driver's license until the expiration of his or her extended period of revocation. See Wibben, 409 N.W.2d at 477 (considering predecessor statute to section 321J.21 and concluding legislature clearly intended not to allow temporary licenses for persons convicted of driving while under suspension).
By stating the DOT "shall not issue a new license during the additional period [of revocation]," Iowa Code § 321J.21 (1995) (emphasis added), the legislature clearly denied the DOT the power to issue a driver's license to one convicted of driving while license revoked. See Iowa Code § 4.1(30)(a) ("The word `shall' imposes a duty."); Iowa Dist. Ct. for Bremer County, 534 N.W.2d at 459 (same). To interpret the word "extend" as suggested by Bankson, thereby making him eligible for a driver's license under section 321J.4(3)(b), would be directly contrary to the legislature's intent to deny driving privileges to one who chooses to drive with a suspended or revoked license.
In summary, the DOT has no power to issue a license to Bankson and the district court had no authority to issue an order requiring the DOT to do so.
WRIT SUSTAINED.