# IN THE COURT OF APPEALS OF IOWA

No. 23-0885
Filed September 4, 2024

**DUANE MAYNORD HUFFER,**
    Plaintiff,

**vs.**

**IOWA DISTRICT COURT FOR STORY COUNTY,**
    Defendant.
_____

Certiorari from the Iowa District Court for Story County, Steven Van Marel, Judge.

The defendant to an extension of no contact order petitions for writ of certiorari, arguing the district court committed numerous errors in granting the extension. **WRIT ANNULLED.**

Duane M. Huffer, Ames, self-represented appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., Chicchelly, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**CARR, Senior Judge.**

Duane Maynord Huffer challenges, via certiorari, the extension of a no-contact order (NCO) entered against him after pleading guilty to first-degree harassment. Because Huffer failed to file a motion to reconsider or a motion to vacate in the district court, he has failed to preserve error on the issues raised in his petition for the writ. We thus annul the writ of certiorari.

## I. Background Proceedings

Huffer pled guilty to first-degree harassment, an aggravated misdemeanor, on April 27, 2018. Huffer admitted he "threatened to commit the forcible felony of murder" against his wife, Angela Doss. On May 17, 2018, the district court entered a five-year extension of the NCO first entered in February 2018. On May 4, 2023, the State applied to extend that NCO for an additional five years upon the request of the protected party. The district court granted the requested extension later the same day. Huffer appealed from the NCO extension order on May 25, 2023. Our supreme court notified Huffer that he had no right to appeal and directed him to file a statement clarifying if he desired to seek another form of review and to explain why such form of review should be granted. Huffer then responded with a "motion for discretionary appeal/writ of certiorari," which the supreme court treated as a petition for writ of certiorari. On January 5, 2024, the State moved to dismiss or annul the writ of certiorari. The supreme court ordered that the State's motion to dismiss be submitted with the appeal. The issues raised in the State's motion mirror those relied upon in its brief on the merits, so we do not separately consider the motion.

## II. Standard of Review

We review certiorari actions for correction of errors at law. *Crowell v. State Pub. Def.*, 845 N.W.2d 676, 687 (Iowa 2014).

## III. Error Preservation

Huffer raises six alleged errors committed by the district court: (1) conflicted prosecutors participated in the case in violation of due process, (2) the NCO statutes violate the Second Amendment, (3) numerous procedural due process errors infected the NCO's extension, (4) the NCO is vague and overbroad, (5) insufficient evidence supported the application to extend the NCO, and (6) the judge was partial. The State contends that Huffer did not preserve error on any of the issues argued before us. We agree. Certiorari actions are not an exception to the requirement that claims must be first raised in the district court before we address them. *Sorci v. Iowa Dist. Ct. for Polk Cnty.*, 671 N.W.2d 482, 489 (Iowa 2003). "The petition must state whether the plaintiff raised the issue in the district court, identify the interest of the plaintiff in the challenged decision, and state the grounds that justify issuance of the writ." Iowa R. App. P. 6.107(1)(e)(4).

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "[I]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider." *Otterberg v. Farm Bureau Mut. Ins. Co.*, 696 N.W.2d 24, 28 (Iowa 2005) (quoting *Bill Grunder's Sons Const., Inc. v. Ganzer*, 686 N.W.2d 193, 197 (Iowa 2004)).

Iowa Code section 664A.8 (2023) grants the court the authority to extend a no-contact order entered pursuant to section 664A.5 for an additional five years. There are several methods of relief available to the defendant in a motion to extend a no contact order. First, the defendant may file a resistance to the motion, and the district court will consider such resistance when deciding if the extension is consistent with the requirements of section 664A.8. *See Vance v. Iowa Dist. Ct.*, 907 N.W.2d 473, 475–76 (Iowa 2018). But we have analogized NCOs entered under chapter 664A to temporary injunctions—meaning that they can be extended even where the defendant receives no actual notice of a motion to extend the NCO. *See State v. Olney*, No. 13-1063, 2014 WL 2884869, at *3 (Iowa Ct. App. June 25, 2014) ("[O]rders entered under chapter 664A are akin to temporary injunctions.")

And since an NCO may be extended before the defendant has opportunity to resist, "an extension of a no-contact order under chapter 664A is . . . subject to a motion to dissolve, vacate, or modify." *Id.*; *cf.* Iowa R. Civ. P. 1.1509. The requirement to raise the issue at the district court level "does not exist merely to satisfy our curiosity; rather, the requirement parallels the oft stated maxim that we will only consider issues for which error has been preserved." *Sorci*, 671 N.W.2d at 490 ("Iowa Rule of Appellate Procedure 6.301 requires a plaintiff to 'state [in the petition for certiorari] whether the plaintiff raised the issue in district court.'" (alteration in original)). "Even in situations where the petitioner had neither prior notice of the order nor the opportunity to be heard, however, we have indicated 'the district court should be offered the first opportunity to correct its mistakes. We thus encourage the filing of motions to rescind [its] orders prior to seeking certiorari

review.'" *Id.* at 491 (quoting *Iowa Dep't of Transp. v. Iowa Dist. Ct.*, 546 N.W.2d 620, 623 (Iowa 1996)) (alteration in original).

The State concedes that Huffer had little time to resist the application for extension. The State's application to extend the NCO was filed on May 4, 2023, at 11:06 AM and the extension was granted at 3:46 PM that same day. But the district court did not err by granting the extension before a resistance was filed. *See* Iowa Code § 664A.8 ("Upon the filing of an application by the state . . . which is filed within ninety days prior to the expiration of a modified no-contact order, the court shall modify and extend the no-contact order for an additional period of five years . . . ."). And Huffer did not seek relief from the district court's order through a motion to dissolve, vacate, or modify. On May 25, 2023, he filed an affidavit, a notice of ethics complaints against the prosecutors, and a notice of appeal. Those filings largely consisted of a list of grievances against the protected party and various Polk and Story County attorneys—but none contained any request for relief or reconsideration of the NCO extension.

Huffer argues that error was preserved by virtue of having filed his notice of appeal and due to his filing of a separate application for postconviction relief. This is not the case. Huffer is not appealing from any final order in that postconviction relief case, and "[h]owever error is preserved, it is not preserved by filing a notice of appeal. While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation." Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006) (footnote omitted); *cf. In re T.G.*, No. 23-0979, 2023 WL 5605626, at *1 n.1 (Iowa Ct. App. Aug. 30, 2023).

Accordingly, Huffer, having eschewed available avenues to do so, has not preserved error on any of the issues he raises.  We annul the writ of certiorari.

**WRIT ANNULLED.**